# BENNINGTON COUNTY.

## FEBRUARY TERM, 1842.

PRESENT, HON. STEPHEN ROYCE,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT.

### PARK & BATTERSHALL *v.* BROWNSON HARMON *et al.* Trustees of WILLIAM WILLIAMS.

Where a trustee process issued, after the Revised Statutes came in force, in the form prescribed by the statutes previously in force, such process was dismissed on motion of the principal debtor.

TRUSTEE PROCESS, against Brownson Harmon and others, partners, under the firm of B. Harmon & Co., who were sued as trustees of William Williams, of West Troy, in the state of New York. The writ issued after the Revised Statutes came in force, but in the form prescribed by the statutes previously in force ; was made returnable at the December term of the county court, 1841, and was served on the 18th day of May, 1841, by having copies of the writ and the officer's return thereon, left with the trustees, and by having a like copy left for the principal debtor with one of the trustees. The process was a summons to the trustees to answer to the plaintiffs upon their declaration against the principal debtor, on a promissory note, dated December 5, 1840, given by the principal debtor to Willis Hunniston or order for fifty dollars, payable four months after date at the Farmers Bank, in Troy, New York, and by said Hunniston indorsed to the plaintiffs.

BENNINGTON,
February,
1842.

Park et al.
v.
Trustees of
Williams.

At the term of the county court to which the writ was made returnable, the principal debtor moved to dismiss the process, because no summons or attachment was therein contained against the principal debtor, and because no service of the process had been made on him.

The county court dismissed the process, with costs, and the plaintiffs excepted to the decision.

*U. M. Robinson* for plaintiffs.

The Revised Statutes give jurisdiction to cases where the principal defendant *resides out of the state.* Rev. Stat. p. 190, §1. The old statutes did not extend to such a case. Stat. p. 149, §1.

The principal debtor entered an appearance, but did not plead an abatement, or any dilatory plea, according to the rule of the court. The motion to dismiss was filed out of time. Although the statute may be defective in not providing for the service of the writ, an appearance waives the defect. Stat. p. 191, §9. If the action was dismissed without cause, it is ground of error. *Barber* v. *Ripley,* 1 Aik. 80.

This case differs from the case of *Huntington* v. *Spooner,* 3 Vt. R. 515. In that case the principal defendant did not appear. The trustee pleaded in abatement and did not disclose. That case arose under the old statute.

*P. Isham* for the principal debtor.

A trustee process cannot be sustained against an absent debtor, or one who has never had a residence in this state, as no provision is made for the service of the process on him, or making him a party to the proceedings. The Revised Stat. p. 190, §7, provides that the process shall be served on the defendant as a summons; and p. 180, sec. 12, provides that a summons shall be served by giving a copy to the defendant, or leaving it at his "house of usual abode." No service of this writ has been, or could be, made in that manner. *Huntington* v. *Bishop, et al.,* 3 Vt. R. 515.

The revised act provides a different process from what was issued in this case, and requires, as against the principal defendant, the same form of process as issues in all cases where trustees are not summoned. Rev. Stat. 504, 484. In this case, no such process has been issued; and as the matter in

demand is not within the original jurisdiction of the county court, without a regular trustee process, the proceedings must necessarily be *coram non judice,* and void.

BENNINGTON,
*February,*
1842.

Park *et al.*
*v.,*
Trustees of
Williams.

The opinion of the court was delivered by

ROYCE, J.—This trustee process was commenced since the Revised Statutes came into operation, but issued in the from prescribed by the previous statutes. The trustees are summoned to come into court, and answer the plaintiffs upon their declaration against the principal debtor, and the writ closes with a direction to the officer to leave a copy of the writ, with his return thereon, in the hands of the trustees for the principal debtor. This is entirely reversing and changing the form given under the existing law. By this the writ and declaration are to issue directly against the principal debtor, as against any other defendant to an action, and the writ is to close with a direction to summon the trustee. The command to the trustee is simply to come into court and make his disclosure ; and not, as before, to answer the plaintiff upon his declaration against the principal debtor. The proceeding is thus rendered more analogous to a common attachment of the debtor's goods ; and, to carry out the analogy, the plaintiff is allowed, at any time before service is made upon the debtor, to add other trustees. Such is the shape of this kind of process, as authorized in the adjoining states, and it was doubtless adopted here as being better fitted to our system as now established. But, if regarded as mere form, it is a form prescribed by statute, and the only one at present given. It should, therefore, he held imperative, so long, at least, as the objection has not been waived by other proceedings in the cause.

The manner of service as to the principal debtor, which was pursued in this instance, though authorized by the repealed act of A. D. 1831, has no direct sanction under the statute now in force ; and this, according to the reasoning of the present Chief Justice, in *Huntington* v. *Bishop,* 3 Vt. R. 515, would seem to constitute an insuperable objection. We are not required, however, to pass decisively upon this point, as affected by the present statute, since the other is a sufficient ground for affirming the judgment below.

Judgment affirmed.