## Levi Pettes v. Joel Spalding and Christian Rodosson, Trustee.

Where an individual is summoned as trustee, by trustee process, who is a member of a firm, and the other members of the firm are not named in the process, and the credit sought to be attached is not described as a debt due from the firm, the trustee cannot be held chargeable by reason of any debt due from the firm to the principal debtor, although the other members of the firm are not citizens of this state; and if any debt were due from the firm to the principal debtor at the time of the service of the trustee process, the firm may pay it, without regard to the process; and it makes no difference, that such payment is made by the member of the firm who is summoned as trustee.

TRUSTEE PROCESS. By the writ the sheriff was commanded to summon "Christian Rodosson, of Burlington in the county of Chittenden, trustee of the said Joel Spalding, to appear before said court," &c., "and make disclosure according to law, of the goods, chattels, rights or credits of the said Joel Spalding, which the said Rodosson may have in his hands or possession." The process was served by delivering to the trustee personally a copy in due form of law.

From the disclosure it appeared, that individually the trustee was in no way chargeable; but that, at the time of the service of the process upon him the trustee was a member of the firm of Rodosson, Rankin & Co., consisting of himself and two copartners; that that firm was indebted to the principal debtor in about the sum of two hun-

dred dollars, which was subsequently paid to him by the firm, by the hands of Rodosson, the trustee. It farther appeared, that neither of the copartners of the trustee were citizens of this state; that the trustee was the active partner, and usually resided in Chittenango, Madison county, New York, which was the place of business of the firm, and the place where the payment was made to the principal debtor; but that the trustee owned a house in Burlington, in this state, in which his family resided for several years previous to the service of the trustee process, and since; and that the trustee has provided for his family, and occasionally visited them, while he so resided in New York.

Upon these facts the county court, November Adjourned Term, 1847,—BENNETT, J., presiding,—adjudged the trustee not chargeable. Exceptions by plaintiff.

*A. Peck,* for plaintiff, cited *Parker et al.* v. *Danforth & Tr.,* 16 Mass. 299; *Embree et al.* v. *Hanna,* 5 Johns. 101; *Holmes* v. *Remsen,* 4 Johns. Ch. R. 460; *S. C.,* 20 Johns. 229.

*J. W. Hickok,* for trustee, cited *Jewett* v. *Bacon,* 6 Mass. 60; *Parker et al.* v. *Danforth & Tr.,* 16 Mass. 299.

The opinion of the court was delivered by

BENNETT, J. We are called upon to revise the decision of the county court, in which they held, that the trustee was not chargeable.

The object of this proceeding against the supposed trustee, we learn from the argument, is, to attach a debt due to the principal defendant from a firm, consisting of this trustee and two other individuals, who resided in New York; and it appears, also, that the place of business of this firm was in the state of New York. Rodosson was also located in New York, having the active charge of the business of the firm, but having at the same time a family residing and keeping house at Burlington in this state, whom he occasionally visited, spending a short time with them.

Several questions arise on this disclosure. 1. Had Rodosson such a residence in this state, at the time of the service of the trustee process, as to render him amenable to it? 2. If so, was this

such a debt, as could be attached under our trustee process. We do not find it necessary to decide either of these questions. If both of them are against the trustee, yet we think the process is wholly insufficient to attach this partnership debt, if attachable,—and this point is left open.

The writ simply commands the sheriff to summon Christian Rodosson, trustee of Joel Spalding, &c. The other partners are not named, or alluded to, in the process; neither is the credit, that is sought to be attached, in any way described as a debt due from the partnership, to the principal defendant, but as an individual debt from Rodosson. This process is no notice to Rodosson, that a credit due from the firm was attached; and we think, it is insufficient to bind the funds in the hands of the company belonging to Spalding. In the case of *Parker* v. *Danforth*, 16 Mass. 299, to which we have been referred, the copartners out of the state were named in the process, as trustees, as well as those in the state; and though the process was not served upon those out of the state, yet those within the state might well take notice, that it was the object of the proceeding to bind the partnership funds. In the case before us no such object appears; and we think, Rodosson had the right to settle and pay the partnership debt to Spalding, notwithstanding the trustee process.

The judgment of the county court is affirmed, with costs as to the trustee, and affirmed *pro forma* against the principal debtor without costs.