#### FOR THE

#### COUNTY OF LAMOILLE.

#### August Term, 1850.

———

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD,　)
Hon. MILO L. BENNETT,　 } Assistant Judges.
Hon. LUKE P. POLAND,　　)

———

WILLIAM P. SAWYER *v.* JOHN D. HOWARD, and JOSHUA SAWYER, Trustee.

So far as the trustee is concerned, there is no substantial difference between the form of the trustee process under the Revised Statutes and under the former statute; and process, issued since the enactment of the Revised Statutes, in the form required by the former statute, will not, as to the trustee, be dismissed on motion for that cause.

That the trustee, by that form of process, is required to answer the plaintiff upon his declaration is mere surplusage, under the existing law, and does not vitiate the process.

And process, issued in that form and duly served upon the principal debtor, is not, under the Revised Statutes, defective as to him.

The case of *Park et al.* v. *Tr. of Williams,* 14 Vt. 211, considered and explained.

TRUSTEE PROCESS. The process was in these words :—

" State of Vermont, ⎫ To any sheriff or constable of Vermont,
' Lamoille County, ss. ⎭ Greeting.
' By the authority of the State of Vermont, You are hereby com-
' manded to attach the goods, chattels and estate of John D. How-
' ard, late of Hydepark in the county of Lamoille, but now in parts
' unknown, to the value of one thousand dollars, and him notify to
' appear before the county court next to be holden within and for
' said county on the second Tuesday of June next, and also to sum-
' mon Joshua Sawyer, of Hydepark in the county of Lamoille, trus-
' tee of said John D. Howard, if to be found in your precinct, to
' appear before the county court next to be holden at Hydepark
' within and for the county of Lamoille, on the second Tuesday of
' June, A. D. 1843, then and there in our said court to answer unto
' William P. Sawyer, of said Hydepark, upon his, the said William
' P. Sawyer's, declaration against the said John D. Howard, in a
' plea," &c.; [declaration for money had and received, and for
' money paid;] " To the damage of the said William P. Sawyer, as
' he saith, the sum of one thousand dollars. And the said William
' P. Sawyer farther saith, that said Joshua Sawyer has in his posses-
' sion money, goods, chattels, rights, or credits, of the said John D.
' Howard, to the amount of one hundred dollars. And you are far-
' ther commanded to leave a true and attested copy of this writ, with
' your return of your doings thereon, with the said John D. Howard,
' the principal debtor, or at his last and usual place of abode within
' this state. Fail not " &c.

The defendant moved to dismiss the suit, for the reason, that the writ was dated, served and entered in court subsequent to the enactment of the Revised Statutes, but was not in the form prescribed by the Revised Statutes, but the trustee was summoned to answer to the plaintiff's declaration, contrary to law.

The county court dismissed the suit. Exceptions by defendant.

*H. P. Smith* for defendant.

The process, in this case, is in the form required by the old statute. Sl. St. 154, 155. Acts of 1835, p. 12. The Rev. St. reversed the procedure under the former statute, changed the form, and prescribes a different process, the observance of which is imper-

ative. Rev. St. 484, 504. The case of *Park et al.* v. *Tr. of Wil-liams*, 14 Vt. 211, is directly in point. If a writ materially vary from the outlines of the form prescribed by statute, it will abate. *Cooke* v. *Gibbs*, 3 Mass. 193. *Wood* v. *Ross*, 11 Ib. 276. Defective process can be objected to by motion, or plea. 1 U. S. Dig. 11.

*J. Sawyer* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J. This is a motion to dismiss the writ and the action on the ground of *material defects* in the *form* of the writ. The case of *Park et al.* v. *Trustees of Williams*, 14 Vt. 211, is relied upon as an authority in point. But the cases are essentially different. In that case there was in reality no process against the principal debtor and no service. The old statute did not contemplate, that the case would proceed, unless the goods, &c., should be found in the hands of the trustee; so that the process was, in fact and in form, against the trustee, and only contained a parenthetical direction to the officer to leave a copy for the principal debtor, for the mere purpose of notice, as he was interested in the proceeding, but not esteemed a necessary party in court.

Under the Revised Statutes the principal debtor is a necessary party, and the primary party, and the proceeding against the trustee is merely incidental;—so that trustees may now from time to time be added, as they shall be discovered, before service on the principal debtor. In the case of *Park et al.* v. *Tr. of Williams*, the suit was dismissed, on motion of the principal debtor, because it was wholly defective, in regard to process and service, as against him, who was the chief party defendant. That process does not seem to have been regarded as defective, as against the trustee. It contained, as this does, all that is requisite, as far as the trustee is concerned. In one case it is alleged, that he has goods, &c., of the principal debtor to a certain amount, and in the other he is required to disclose all he has in his possession.

Under the old statute, and in this case, the trustee is farther required to answer the plaintiff upon his declaration against the principal debtor. But that is what, by law, he is not bound to do, and such a command in the writ, based upon no law, is mere *brutum fulmen*, mere surplusage, and of no avail for good, or evil.

We do not therefore think there is, so far as the trustee is concerned, any substantial difference between the form of the writ under the former statute and the present Revised Statutes. And we are not prepared to say, that the suit shall be dismissed, or even abated, for a mere formal defect, which is immaterial, even if it be a statute requisite. Verbal departures from statute forms are found in almost all our judicial and other proceedings, and still they have always been upheld, where the departure was not in *matter of substance.* And that an obsolete form, found in some former statute, is adopted, does not make the case worse, if the two forms are, in substance, alike. This has been expressly decided, in regard to the form of taking depositions under the Revised Statutes,—that the form of the former statute is still sufficient. And I have no doubt, a similar rule will be adopted as to other cases, where the difference in the *forms* is not of *substance.* So that we are not prepared to say, that the process is so defective, as to the trustee, that on that account alone it should be dismissed. We think the present writ, with reference to the existing law, contains, as to the trustee, all that the form of the Revised Statutes requires, that is, to appear and disclose the goods, &c. of the principal debtor in his hands, and something more, which is merely nugatory. The case of *Park et al.* v. *Tr. of Williams* does not touch this point.

We come, then, to inquire upon the very point of the decision in *Park et al.* v. *Tr. of Williams,* viz., the process against the principal debtor. In that case the form was that of the statute of 1797 and 1807, which contained no process whatever against the principal debtor, and in that case there was no service upon him. For this reason alone this court held the process fatally defective. If that be true of the present writ, it must share the same fate.

The Revised Statutes require, that there should be an entire writ, either of summons, or attachment, in the first instance, against the principal debtor. And in looking into the present case, and comparing the writ, word by word, with the common writ of attachment, we find a full and exact correspondence, until we come to the expression, "Then and there in said court to answer to the plaintiff in a plea." Instead of this, the trustee is summoned to answer to the plaintiff on his declaration against the principal debtor. This is informal, and irregular; but it is not a defect in the process,

but rather in the declaration. It might, in strictness, be said to be a declaration, to which the trustee is required to answer, as, under the old statute, he was allowed to do. But as it could have no such legal effect under the existing law, and as the declaration is entitled against the principal debtor, and the process is entire to bring the party into court, and duly served, we think it ought to be intended that he is brought into court to answer to this declaration.

It does not appear to us, that there really is any such uncertainty in regard to the true import of this process, as could be made the ground of a plea in abatement, or special demurrer. Clearly we think it is not a case, where the whole proceedings are to be dismissed, as fatally defective.

Judgment reversed and motion to dismiss overruled.