HENRY KNAPP v. HARDY C. LEVANWAY; GEORGE W. STRONG, Trustee.

### Contract.   Trustee process.

The defendant and one C. were jointly interested in a contract to build an arch culvert on the R. & B. railroad, and were to receive twenty per cent of their compensation in railroad stock at par. It was agreed between C. and the defendant and also between the plaintiff and defendant that the said C. should be released and the plaintiff substituted in his place, in the contract, on the same terms; and it was at the same time agreed between the plaintiff and defendant, that the latter should receive the payments, and on the completion of the work settle with the 'plaintiff and pay him in cash the amount of his share   *Held* that by this arrangement the defendant was obliged to retain the twenty per cent of railroad stock towards his own share of the ‚profits and pay the defendant's share in cash.

If an individual, without any mention of his partnership relations, is summoned as a trustee, a debt due from him as a member of a firm is not thereby attached.

Such a debt cannot be reached by amending the writ, after its entry in court, so as to describe the trustee as a member of the firm.   BENNETT, J.

Whether or not a judgment shall be rendered against the trustee for his refusal to answer a question put to him by the plaintiff, rests in the discretion of the county court, and is not a matter for revision in the supreme court.

ACCOUNT.   Before the auditor, the plaintiff presented an account arising out of a contract between him and the defendant, in reference to which the auditor reported, that Adams, Wood & Co. contracted with the Rutland & Burlington Railroad Company, to construct a portion of the railroad of said corporation, including in said work, the arch culvert on section twelve of said railroad, situated in the town of Mount Holly.   By the terms of said contract twenty

per cent of the amount of the payments to be made for work under said contract was payable in the stock of said corporation, at its par value of one hundred dollars per share.

Adams, Wood & Co. underlet to the defendant a part of the work contemplated by their contract, at the same rates, amount, and terms of compensation for the work to be done, which the said corporation had agreed to pay to them. The said culvert was a part of the work so underlet. On the 9th day of May, 1849, the defendant and Charles C. Knapp, a brother of the plaintiff made a contract in writing, of which the following is a copy, viz:

"Ludlow, May 9th, 1849.

"Know all men by these presents, that we, H. C. Levanway "and C. C. Knapp, do enter into an agreement to build the arch "culvert on section twelve of the Rutland & Burlington R. R. in "Mount Holly division, for the prices stated in the contract for "said work to H. H. Adams and George Wood from said railroad "company, viz: eight dollars per cubic yard for the sheeting of "said culvert, and five dollars per cubic yard for abutments, inclu- "ding backing. And we agree to bear the expenses of said work "equally for labor and tools necessary to its completion, and at the "close of said work the profits or loss to be equally divided.

"H. C. LEVANWAY,

"OBED THURSTON, Witness.                    C. C. KNAPP."

It appeared that it was the intention of the parties, that the work on said culvert should be accounted for between themselves, at the prices specified in the contract between said corporation and Adams, Wood & Co.

A short time after the making of said contract in writing, the said Charles C. Knapp having been taken sick, and obliged to leave the work, it was verbally agreed between him and the defendant, and also between the plaintiff and the defendant, that the said Charles should be released from said contract, and that the plaintiff should be substituted in place of said Charles in said contract, on the same terms. It was proved by parol testimony, (objected to by the defendant's counsel, but admitted,) that it was at the same time agreed between the plaintiff and defendant, that the defendant should receive the payments and account for the work at the same rates and prices which Adams, Wood & Co. were, by their con-

tract, to receive from said corporation for said work; and should, on the completion of the work, settle with the plaintiff for his share of the same according to the engineer's estimates or measurements, and pay him in cash the amount of his share, after deducting the expenses and cost of the work,—and that the defendant then told the plaintiff that he need not wait till the settlement for the work was made with said corporation, but should be paid by the defendant for his share of the avails of the work immediately on its completion. And it also appeared that at this time, neither the said Charles C. Knapp, nor the plaintiff understood that any portion of the compensation to be made by said corporation on account of the work, was payable in the stock of said corporation. The cost of constructing said culvert was $2,946.83, eighty per cent of which amounting to $2,357.47, had been paid to the defendant in cash; leaving a balance of $589.36, or twenty per cent of the whole amount, which was by the terms of the contract with the corporation to be paid in its stock. The net profits of the work, charging its entire cost at $2,946.83, were $536.55, one half of which, or $268.27 was the share of each of the parties in the same; and if the defendant was liable to pay the plaintiff his half of the net profits in cash, the plaintiff was entitled to recover said sum of $268.27 with interest from the 1st of October, 1849, to balance the accounts between them; but if the defendant was liable to pay the plaintiff his half of said net profits only in said railroad stock, which the defendant had always been ready and willing to pay, but which the plaintiff had declined to receive, there was nothing due from either party to the other to balance the accounts between them.

The commissioner appointed to take the disclosure of the trustee reported that George W. Strong disclosed that individually or as a member of the firm of Strong, Chamberlain & Co., he had not, nor had he had, any assets of the principal defendant in his hands; and that he found the fact accordingly; that the counsel for the plaintiff thereupon inquired of the said George W. Strong, whether the firm of Strong & Chamberlain (including the said Strong & Chamberlain named in the writ) had ever had any dealings with the said Levanway, the principal debtor; and whether the said Strong & Chamberlain were indebted to him when the writ in this case was

served, or since; that to this the said George W. Strong declined to answer, for the reason that he was summoned as trustee, individually, and not as a member of any firm whatever; that he found that the writ, when entered in court, contained a direction to summon the said George W. Strong alone, without naming any other persons, but that said writ was amended as it now stands, by leave of court, at the same term in which it was entered. The amendment referred to was made by adding after the name of Strong in the summons to the trustee, the words " as copartner of Selah Chamberlain, Joseph Chamberlain, James Worral, and Samuel C. Walker or any of them," and at its conclusion the words "as such copartner as aforesaid."

The county court, September Term, 1854,—PIERPOINT, J., presiding,—decided, on the report of the auditor, that there was no balance due to the plaintiff; and on the report of the commissioner, that the supposed trustee was not chargeable ; to both of which decisions the plaintiff excepted.

*S. H. Hodges*, for the plaintiff.

By the terms of the contract the defendant was bound to charge himself with the railroad stock, but this is no unusual feature in such contracts and constitutes no objection to the parties being considered in law as copartners. Something of the kind must always take place upon the settlement of a partnership, where there are other assets than cash on hand. *Kelly* v. *Kauffman*, 18 Penn. 351. *Leach* v. *Leach*, 18 Pick. 68. *Sigourney* v. *Mann*, 7 Conn. 11. *Woodward* v. *Francis*, 19 Vt. 434.

*As to the trustee ;* the amendment was properly made and was acquiesced in. It neither changed the parties, nor the cause of action. If the copartners were residents, or their business was not transacted in this state, it should be made to appear by the disclosure, allegations, or the commissioner's report, *Pecks* v. *Barnum & Tr.*, 24 Vt. 75. The commissioner finds no fact on which to discharge the trustee.

*Edgerton & Allen*, for the defendant.

The defendant is not bound to pay the plaintiff *in money*. The promise was made in consequence of the false supposition of both

parties, that the railroad company were to pay for the work wholly in money, and having been made in consequence of such mistake is invalid, *Wheadon* v. *Olds*, 20 Wend. 174. *Norton* v. *Marden*, 3 Shep. 45. *Haven* v. *Foster*. 9 Pick. 112. *Bond* v. *Hays*, 12 Mass. 34. *Brown* v. *Sawyer*, 1 Aik. 130. *Northrup* v. *Graves*, 19 Conn. 548. *Pickett* v. *Pearsons*, 17 Vt. 470. Chitty on Cont. 628–9 and note.

*C. L. Williams*, for the trustee.

The opinion of the court was delivered by

BENNETT, J.   Adams, Wood & Co., underlet to the defendant a part of the work contemplated in their contract with the railroad company at the same rates, amount and terms of compensation as the railroad company were to pay them.   After this the defendant and one C. C. Knapp, entered into a written contract, under date of the 9th May, 1849, the substance of which was, that they were to do the arch and bridge masonry for the culvert on section twelve for the prices which the company had agreed to pay Adams, Wood & Co., and the profit and loss to be equally shared between them. As between this defendant and C. C. Knapp, there can be little doubt that the twenty per cent which the company was to pay in stock for the work would be paid on the joint account of both; and the auditor finds that it was the intention of those parties that the work on the culvert should be accounted for between themselves at the prices specified in the contract between the railroad company and Adams, Wood & Co.   But the question is, what was the contract as between the parties to this suit.   The auditor finds that by the parol agreement, C. C. Knapp was released from his agreement, and that Henry Knapp, the plaintiff, took his place, and the defendant was to receive all the payments and to account to the plaintiff at the same rates and prices which Adams, Wood & Co. were to receive from the railroad company, and the defendant was by the agreement to pay to the plaintiff his share in cash immediately upon the completion of the work.   The contract, as found, between the parties to this suit is too explicit to admit of but one construction.   The plaintiff was to have his moiety of the profits in cash; and as a consequence, the defendant must retain

the twenty per cent paid in railroad stock, as a part of his share of the profits.

There might have been special reasons, why this contract took the form it did. The plaintiff might have declined to take the place of his brother, C. C. Knapp, except upon the condition that his share should be cash ; or the defendant might have had his reasons why he wished to retain the stock. But it is not the business of the court to inquire for reasons.

The judgment then, against the principal debtor is reversed, and judgment is rendered in this court against him for $268.27 ; the interest on it to be added from the 1st of October, 1849.

As to the trustee the judgment of the county court should be affirmed.

Strong, the supposed, trustee disclosed that he had not individually or as a member of the firm of Strong, Chamberlain & Co. any assets of the principal defendant in his hands, nor had he had individually, or as a member of said firm, at any time, any assets of the principal defendant, and the commissioner reports that such he finds to be the fact.

It seems the trustee, when inquired of, if the firm of Strong & Chamberlain were not indebted to the principal defendant, declined to answer the inquiry, upon the ground that he was summoned as trustee *individually* and not as a member of any firm. It has been settled in this state that if an individual is summoned as a trustee, the trustee process can only operate as an attachment of debts due from him, as an individual ; and would not reach a debt due from a firm to the principal debtor, of which he was one of the members. This then would seem to be a good reason why the trustee was not bound to answer the inquiry made of him. In *Worthington & Co.* v. *Jones & Trustee*, 23 Vt. 546, it was held that whether a judgment should be rendered against a trustee on the ground of his refusal to answer a question put to him by the plaintiff was matter resting in the discretion of the county court, and that their decision was not a matter for revision in the supreme court. My opinion is that it was not competent for the county court to enlarge this attachment by an amendment of the trustee process while in court. If operative, it must have relation back to the time of the service

of the trustee process; and most certainly the firm of Strong & Chamberlain might with safety have paid the principal debtor any demand which they owed him at any time before the amendment was made.

The judgment below is affirmed as to the trustee with costs.