E. G. LAMSON, E. E. LAMSON AND JOHN C. WATSON *v.* GILBERT W. BRADLEY.

*Audita Querela. Trustee Process.*

A joint judgment against two or more trustees named in the writ as trustees generally, without being described as co-partners, or as jointly having in their hands or possession goods, effects or credits of the principal defendant, does not constitute an infirmity which renders the judgment voidable by *audita querela*, though the justice that tried the case decided erroneously in rendering the judgment jointly. It is not the office of the writ of *audita querela* to correct errors in the judgment, and such errors are rarely, if ever, a ground for this writ.

Another ground why this writ could not be sustained in such case is, that if any state of facts which legally could have been proved before the justice would justify

Lamson et al. *v.* Bradley.

the judgment which he rendered, it 'is to be presumed such facts were shown; and hence the judgment must be taken to be correct in form as well as in substance; and it is *held* that where two or more are summoned as trustees according to the statute form, with nothing in the writ added to indicate in which capacity they are required to disclose, whether as to their *joint* or their *several* liability, they are before the court in their joint as well as in their several capacity, and are chargeable for all their indebtedness to the principal debtor, joint as well as several, if all the joint debtors are before the court as trustees.

AUDITA QUERELA.  Trial by court, May term, 1868, BARRETT, J., presiding.

The *audita querela* was brought to set aside a judgment against the plaintiffs in this suit, as trustees of Frederick R. Mattison, rendered in a suit before a justice of the peace, in which this defendant was plaintiff, and said Mattison principal defendant, and the plaintiffs in this suit summoned as trustees. The only grievance complained of in the *audita querela*, material to the question of law in the case, was, " that the justice rendered a judgment by default against the said Ebenezer. G. Lamson and Eastburn E. Lamson and John C. Watson, jointly, as trustees of the said Mattison, for the sum of sixty-six dollars and twenty-one cents debt, and one dollar and eighty-two cents damages, and four dollars and forty-six cents costs of suit; and they further say that in truth and in fact, the said Ebenezer G. Lamson and Eastburn E. Lamson and John C. Watson did not, at the time said judgment was rendered, nor at any time before or since, jointly owe said Mattison any debt whatever; nor were they ever jointly indebted to the said Mattison for any sum, or in any manner, neither had they at that time or at any time before, nor since that time have they had, any goods, chattels, rights or credits, in their hands or possession, belonging to the said Mattison; and they further say that at the time said judgment was rendered as aforesaid, the said Ebenezer G. Lamson and Eastburn E. Lamson did not jointly, nor did either of them individually, owe the said Mattison any sum whatever, neither had they at that time in their or either of their hands or possession, any goods, chattels, rights or credits in their or either of their hands or possession, at the time of the service of the said writ upon them, neither did there any come into their or either of their hands or possession, between the day of the service of said writ and the said day of return of the said writ; and these

complainants further say that since said judgments were rendered as aforesaid, the said Bradley has taken out two executions against the said Ebenezer G Lamson and Eastburn E. Lamson and John C. Watson jointly on said judgment for the same amount of debt, damages and costs as aforesaid, and threatened to levy and collect the same of the goods and chattels of the said E. G. Lamson & Company."

It appeared, from the justice's judgment in the case, that the part of the writ summoning these plaintiffs as trustees was as follows :

" You are further commanded to summon Ebenezer G. Lamson and Eastburn E. Lamson, of the firm of E. G. Lamson & Co., and John C. Watson, of Windsor, in the county of Windsor, trustees of said defendant, to appear before said court at the time and place aforesaid, and make disclosure according to law of the goods, chattels, rights orcred its ofthe said defendant, which the said trustees may have in their hands or possession."

It further appeared from the record of the justice's judgment, that a judgment was rendered by the justice in favor of the defendant in this writ, against the said Mattison, at the time mentioned in the *audita querela*, for debt, $66.21·; damages, $1.82; and costs, $4.46, by default : and the justice record further stated, that, " the said trustees, Ebenezer G. Lamson and Eastburn E. Lamson and John C. Watson, although three times called, did not appear, but thereof made default ; whereupon it was considered and adjudged that the said E. G. Lamson and E. E. Lamson and John C. Watson were chargeable to the amount of 'the plaintiff's judgment against the principal debtor, for debt, damages and costs ; and that he have his execution against them for the same."

The court failed to find from the evidence that the said justice of the peace was not present at the place where the said writ was returnable, within two hours from the time fixed in said writ for the defendants and trustees to appear. The court found that the said Messrs. Lamson were partners, and doing business under the style named in said writ—but that no partnership, or other joint or connected business relation, existed between them, or either of them, and the other trustees named in said writ or either of them. Also that judgment was rendered against E. G. and E. E. Lamson

and John C. Watson, as if they were joint debtors of the principal debtor in that suit; and two executions were issued upon said judgment against the three as joint debtors in the judgment, and the suit superseded by the said *audita querela* is upon said judgment against the three as joint debtors in said judgment.

Said original writ, in which the complainants were summoned as trustees—said two excutions, the record of the judgment on which said executions were issued, and a copy of the writ, superseded by this *audita querela*, were referred to. On the ground that said judgment against the complainants was improperly rendered against them jointly, the court rendered judgment for the complainants in this suit, vacating said judgment, and for their costs, to which the defendant excepted.

*Clark Chapman*, and *F. C. Robbins*, for the defendant.

*Audita querela* is not the proper form of remedy, if there was any error in making up the judgment by the justice. The authorities are uniform in all the reported cases, that where a party, competent to defend his rights, has had an opportunity to do it, this process does not lie to overhaul its merits. *Dodge* v. *Hubbell*, 1 Vt., 491; *Foster* v. *Stearns*, 3 Vt., 322; *Weeks* v. *Lawrence*, 1 Vt., 433; *Tuttle* v. *Burlington*, Brayton, 27; *Staniford* v. *Barrey*, 1 Aiken, 321; *Little* v. *Cook*, Id. 363; *Barrett* v. *Vaughan*, 6 Vt., 243; *Sutton* v. *Tyrrell*, 10 Vt., 87; *Spear* v. *Flint*, 17 Vt., 497; *Griswold* v. *Rutland*, 23 Vt., 324; *Harriman* v. *Swift*, 31 Vt., 385. To sustain this writ now and here "would subject the party defendant (Bradley) to the costs of this suit, without any fault on his part"—he having taken just such a judgment against these plaintiffs, just such a record and just such an execution as the magistrate Steele gave him. If that was wrong, these plaintiffs might have corrected it in another form, at another time and before another tribunal than this one. The wrong of the *party* may, within the rules of law, be righted by *audita querela;* the *error* of the court by petition or motion. What is set forth in the declaration of the plaintiffs in their *audita querela*, in regard to their not being indebted to Mattison, either jointly or severally, in the original suit, is entirely foreign to the case. They should

have appeared at the proper tribunal, as they were summoned to do, and remained there, and been heard if they desired.

*Marcy & Edminster*, for the plaintiffs.

In all cases judgments must be for or against the parties to the suit, those made so by the process, in the same relation or interest as they are brought into court. The proceedings against trustees are, in their character, objects and proceedings, several, separate and distinct, unless a joint liability is sought to be attached. *Ingraham* v. *Olcock et al. and trustees*, 14 N. H., 243 ; *Page et al.* v. *Baldwin*, 29 Vt., 428–432. When several persons are summoned as trustees, and are not declared against as jointly liable, they are to be regarded as chargeable severally if at all. *Sleeper* v. *Weymouth and trustee*, 6 Foster, 34 ; *Knapp* v. *Levanway and trustee*, 27 Vt., 298 ; *Coverly* v. *Braynard and trustees*, 28 Vt., 738. The plaintiff is entitled to recover, if at all, upon showing the liability which he charged in his proceedings as existing, and is entitled to a judgment therefor, and for nothing else. In trustee cases, the liability of the trustee is changed from the principal defendant to the plaintiff, or creditor. This gives the creditor the same right to pursue the trustee which the principal defendant had, and in the same way. The trustees, having been defaulted, can make the liability no different from what it would have been had they appeared and disclosed sufficient effects, since the default is an admission only, on the part of each trustee, that there were effects in his hands. It was the plaintiff's duty to see that the proper judgment was rendered, and it was the duty of the court to render the right judgment, and if this was not done, *audita querela* was the only remedy of the injured party.

The opinion of the court was delivered by

PECK, J. It is claimed on the part of the plaintiffs that when two or more persons are named in a writ as trustees generally, without being described as co-partners, or as *jointly* having in their hands or possession goods, effects or credits of the principal defendant, they cannot be properly held chargeable on account of any joint indebtedness or liability to the principal defendant, al-

17

though such joint indebtedness is disclosed or proved ; but that
they can only be held severally for any separate individual debt
that each may owe.   The trustee writ in question names the two
Lamsons as of the firm of E. G. Lamson & Co.   It is conceded
that by the statute the default subjected each trustee to a judg-
ment for the full amount of the recovery against the principal de-
fendant.   It is urged in support of this *audita querela*, that as
Watson was not described in the trustee writ as one of the firm,
or as having in his hands or possession, *jointly with the Lamsons*,
goods, effects or credits of the principal defendant, there should
have been one judgment rendered against the two Lamsons for the
amount of the judgment against the principal defendant, and a
separate judgment against Watson for the same amount.   Sup-
pose the proposition of the plaintiffs' counsel thus far correct, what
is the legal effect ?   Does the fact that the judgment is joint against
the three trustees, constitute an infirmity which renders the judg-
ment voidable by *audita querela?*   Each trustee, by the default,
being liable for the whole, such joint judgment does not increase
the liability of either.   Under this joint judgment, a payment by
one will operate equally to the discharge of all, the same as if sep-
arate judgments had been rendered.   If we assume that the judg-
ment should have been several and not joint, yet as each trustee
by the default was liable for the same thing and to the same ex-
tent, consolidating their liability into one judgment can not preju-
dice the rights or increase the burden of either.   The justice had
jurisdiction of the subject matter, the process and the parties.   The
question whether the judgment should be joint against all, or sev-
eral against each, was a question within the jurisdiction of the
justice to decide.   If he decided erroneously, it is not a cause for
vacating the judgment on *audita querela ;* especially as it works
no wrong.   A judgment may be erroneous, even to the manifest
prejudice of the party, and yet he have no remedy by *audita que-
rela*.   So that even upon the view of the plaintiffs' counsel as to
the proper mode of entering the judgment, the most that can
be reasonably claimed is that the judgment of the justice is techni-
cally erroneous in a harmless matter of form.   But mere error in
a judgment is rarely, if ever, a ground for *audita querela*.   It is

not the office of the writ of *audita querela* to correct errors in the judgment.   The legislature, in prohibiting the reversal of a judgment of a justice of the peace by writ of error, did not intend that the more severe and destructive remedy by *audita querela* should take its place.   For the reasons already stated, this *audita querela* can not be sustained.

But there is another ground for this conclusion.   If any state of facts, which legally could have been proved before the justice, would justify the judgment which he rendered, it is to be presumed such facts were shown ; and hence the judgment must be taken to be correct in form as well as in substance.   This presents a question of considerable practical importance : that is, whether two or more trustees summoned generally without being described as partners, or as having any particular connection with each other, can under any state of facts be made chargeable as trustees on account of a joint indebtedness or liability to the principal debtor ; or for property of the principal debtor in their joint possession.   The negative of this proposition is maintained by the plaintiffs' counsel upon the ground that, in order to have the attachment operate upon such joint liability, it must be particularly described as such in the writ.   But why should such be the intendment and effect ?   Since the joint liability of all and of any two or more of the alleged trustees is attachable, as well as the several liability of each, the more reasonable conclusion is that the intention of the plaintiff in such case is, and that the effect should be, to attach the *joint* as well as the *several* indebtedness, since neither is more particularly mentioned or described than the other.   No sufficient reason is suggested, and none occurs to us, why such strictness should be required ; especially when all the joint debtors are before the court as trustees.   As to transactions between the principal defendant and the trustees, and the relations of the trustees with each other, the plaintiff can not be supposed to be particularly informed ; and to require of the plaintiff such particularity of description of the effects or credits in the hands of the trustees, would answer no beneficial purpose, and would often defeat attachments of this kind.   Nor does the form of the trustee writ given by the statute seem to require any such particularity.   It

simply commands the officer to summon the trustees named to appear and make disclosure of the goods, chattels, rights or credits of the principal debtor which they may have in their hands or possession. The plaintiff is not even required to declare against the trustee by alleging that he has any thing in his hands or possession belonging to the principal defendant, as was required by the old form prescribed by the act of 1797, which was in force till the Revised Statutes of 1839 went into operation. Under the present law, as said by ROYCE, J., in *Park et al.* v. *Harmon et al., trustees of Williams*, 14 Vt., 211, " *the command to the trustee is simply to come into court and make his disclosure.*" The statute does not require the plaintiff to specify what goods, chattels, effects, rights or credits of the debtor he has ; but simply to summon him to appear and disclose whether he has any, and if so, what. Therefore, when two or more are summoned as trustees according to the statute form, with nothing in the writ added to indicate in which capacity they are required to disclose, whether as to their *joint*, or their *several* liability, they are before the court in their joint as well as in their several capacity, and are chargeable for all their indebtedness to the principal debtor, joint as well as several, if all the joint debtors are before the court as trustees. *Pettes* v. *Spalding and trustee*, 21 Vt., 66, referred to, is not inconsistent with this conclusion. In that case the trustee usually resided, or spent most of his time, at Chittenango, Madison county, N. Y., where he was engaged as a partner in the firm of Rankin & Co., who carried on business at that place ; the trustee's family residing in this state at Burlington, the trustee providing for and occasionally visiting them. The debt, which that firm owed the principal debtor, accrued in New York in the course of the business of the firm ; and neither of the other two members of the firm resided in this state. The court decided that under the circumstances, as the other partners were not before the court or named in the writ, nor the debt sought to be attached described as a partnership debt, the service on the trustee did not operate to bind the funds in the hands of the company in New York, belonging to the principal debtor. It is evident from the opinion in that case, that had the other partners resided in this state, and been summoned

as trustees, whether described as partners or not, the fund would have been holden. This is the construction that REDFIELD, C. J., puts upon that case in *Coverly & Co.* v. *Braynard and trustees*, 28 Vt., 738. In *Knapp* v. *Levanway and trustee*, 27 Vt., 298, Strong only was summoned as trustee, and the commissioner reported that Strong disclosed he had no effects of the principal debtor in his hands, and the commissioner so found the fact, and that Strong declined to answer before him whether the firm of Strong & Chamberlin, of which he was a member, were indebted to the principal debtor at the commencement of the suit; and declining to answer on the ground that he was summoned as trustee individually, and not as a member of any firm. It does not appear that any attempt was made in the county court to compel the trustee to disclose as to the indebtedness of the firm of Strong & Chamberlin. The county court decided that the plaintiff could not recover against the principal debtor, and that, upon the report of the commissioner, the trustee was not chargeable. The supreme court reversed the judgment as to the principal parties, and rendered judgment for the plaintiff against the principal debtor. No question was before the supreme court as to the trustee's liability on account of any debt of Strong & Chamberlin to the principal debtor, for there was no proof that there was any such indebtedness. The court seems to have affirmed the decision of the county court discharging the trustee, on the ground that it was matter of discretion with the county court whether they would adjudge a trustee chargeable for refusing to answer a question put to him by the plaintiff, and that the supreme court could not revise the decision of the county court in reference to it. Had the plaintiff in that case moved the county court to order the trustee to answer the question, and the court had decided that he was not legally bound to answer it, and the plaintiff had excepted to that decision, it would have presented the question whether the trustee could be chargeable in that case for a partnership debt; but as the case stood, no such question could arise in the supreme court, and no such question appears to have been decided by the court. It is true, BENNETT, J., expresses his opinion that the trustee could not be held chargeable under that writ, saying, that " it has been set-

tled in this state that if an individual is summoned as trustee, the trustee process can only operate as an attachment of debts due from him as an individual, and would not reach a debt due from a firm, to the principal debtor, of which he was one of the members." But he is speaking of cases like the one then before him, and like *Pettes* v. *Spalding and trustee,* above referred to, where the other partners or joint debtors were not named in the writ or summoned as trustees, and not of a case like this in which all the debtors are named and summoned.    *Coverly et al.* v. *Braynard and trustees,* 28 Vt., 738, cited by the plaintiffs' counsel, decides that the trustees being expressly described in the writ as partners, under the firm of C. Carpenter & Co., the plaintiff had limited himself to effects and credits in the hands of the trustees as partners.    But this can not be construed as a decision that two or more trustees, if summoned generally, can not be holden for a joint debt; as REDFIELD, C. J., in delivering the opinion in that case says : " If different trustees are summoned generally, they are made liable for all their debts to the principal debtor, both joint and several, but not for partnership effects held by other partners, unless such effects are specifically described," and cites *Pettes* v. *Spalding and trustee* already mentioned.    " *Other partners* " refers to partners other than those named in the writ and summoned as trustees. Under this writ it was competent for the plaintiff to recover a joint judgment against E. G. Lamson and E. E. Lamson and Watson as trustees, if it appeared that E. G. and E. E. Lamson owed a partnership debt to the principal debtor for which Watson was jointly holden with them.    As this might legally be done on proof of the existence of such a debt, it follows that, on default of the trustees, the justice might treat the default as an admission of a joint indebtedness, as well as an admission of a several indebtedness, and render judgment accordingly against them jointly.    But even if, in the absence of proof before the justice of the joint character of the liability of the trustees, the justice should have rendered several judgments instead of a joint judgment, the result is the same ; as it is a legal intendment that the justice had the evidence necessary to warrant the judgment which he rendered, and

the facts upon the merits can not be re-tried on *audita querela*. Upon both grounds this *audita querela* must fail.

The judgment of the county court is reversed and judgment for the defendant.