## JOHN H. DILLON vs. THOMAS FAHEY, EXECUTOR.

Third Judicial District, New Haven, June Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While foreign attachment, a statutory remedy in the interest of creditors, is to be favored, yet one who seeks to make use of it must follow strictly the form and requisites of the writ or summons prescribed by the statute (§ 880), otherwise he will acquire nothing by the garnishment process.

Dillon *v.* Fahey.

Service of a writ and complaint, in foreign attachment, upon the judge
of probate of a certain district, pursuant to a direction in the writ
to that effect, does not suffice to attach a debt due to the defendant
from the estate of a decedent in settlement before the court over ·
which such judge presides, in the absence of any order or command
in the writ to serve a copy thereof upon the executor or administra-
tor of such estate; and therefore lays no basis for an action of
*scire facias* against such personal representative after a judgment
for the plaintiff in the original action.

In a proper case service upon a nonresident executor or administrator
may be made upon the judge of probate (§ 574), but this statute
proceeds upon the theory that such service is in legal effect a
service upon the executor or administrator himself, the judge of
probate being merely his agent for such purpose.

Whether such service can be made in foreign attachment, *quære.*

Argued June 4th—decided December 2d, 1914.

ACTION in the nature of *scire facias* against a non-
resident executor, who had been made an alleged gar-
nishee upon the original action, brought to and tried
by the City Court of New Haven, *O'Meara, J.;* facts
found and judgment rendered for the plaintiff for $485,
and appeal by the defendant. *Error and cause re-
manded with directions to enter judgment for defendant.*

*William B. Stoddard,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

WHEELER, J. The plaintiff, a resident of Connecti-
cut, brings *scire facias* on a judgment obtained in this
State in an action brought by the present plaintiff
against Georgie I. Beers, in which action the writ com-
manded the officers to whom process was directed to
attach the estate of the defendant and her summon
into court to answer to the plaintiff therein, and the
writ further commanded the officers to leave a true
and attested copy of the writ and accompanying com-
plaint with the judge of the Court of Probate for the

district of New Haven, in which court the estate of Lucy Ann Beach was in process of settlement, and of which estate Thomas Fahey, a resident of New York (defendant herein), was the executor, and which estate was indebted to the defendant Georgie I. Beers.

There was no direction in the writ to serve a copy of the writ and complaint upon the garnishee. The officer to whom the writ was delivered for service left a copy of the writ and complaint with the judge of probate of the district twelve days before the return day.

The principal ground of the defendant's appeal is that there was no valid attachment, in the original action against Georgie I. Beers, of the debt due her in the hands of the executor on the estate of Lucy Ann Beach.

Two reasons are assigned in support of this contention. 1. The absence of a direction in the writ to serve a copy of the writ and complaint upon the garnishee was the omission of a jurisdictional requisite, without which the garnishment process was nugatory. 2. The service of a garnishment process upon the defendant executor, a nonresident, could only be made under § 889 of the General Statutes, in cases where the executor was engaged in this State in business by an agent and where the process was served upon such agent.

Process of foreign attachment is a statutory remedy for the protection of creditors and is a remedy to be favored, hence all of our statutes of garnishment are to be construed with liberality. This rule of interpretation does not diminish the obligation of the beneficiary of the remedy to follow strictly the form and requisites of the writ or summons prescribed by the statute. *Sawyer* v. *Howard*, 22 Vt. 538; *Kennedy* v. *Brent*, 10 U. S. (6 Cranch) 187.

Our only statute authorizing the process of foreign

attachment is General Statutes, § 880. It specifies the instances where the process may be used and the manner in which it must be used. When the facts make out a statutory case for the issuance of the process, "the plaintiff may insert in his writ a direction to the officer to leave" a copy of the writ and complaint with the agent or trustee of the defendant, or "the executor, administrator, or trustee of such estate, or at the usual place of abode of such garnishee." Unless the process contained this direction it would not conform to the statute and it would not be the process of foreign attachment provided for by General Statutes, § 880. The form prescribed in Practice Book (1908) on page 288, contains this direction, together with the facts bringing the issuance of the process within one of the cases prescribed by the statute. In certain forms of action the statutes provide a specific mode of service. A mere direction in the writ to make the service in the manner specified by these special statutes does not conform to the form provided by the Practice Book, nor to the method of the statute.

In this case the direction of the writ was to leave a copy of the writ and complaint with the judge of probate. There was no direction to leave such writ and complaint with the garnishee. In a proper case the service may be made upon the judge of probate, but this statute, § 574, is upon the theory that such service is equivalent to service on the garnishee, as, in effect, it makes the judge the agent of the garnishee; but the process in such cases is not against the judge but the garnishee and the direction in the writ must so show. The garnishment process was nugatory for failure to direct the service to be made upon the garnishee.

The conclusion reached disposes of the case and makes consideration of the other grounds of appeal needless.

There is error, the judgment is reversed and the cause remanded with direction to the City Court to enter judgment for the defendant.

In this opinion the other judges concurred.