[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Evan M. Schecter for plaintiff.
Rene G. Martineau for defendant.
On March 24, 1994, the plaintiff, Mortgage Services, Inc., filed a two count complaint against the defendants, Nicola and Mari-Alyce Santoro and Ford Consumer Finance Company, Inc. (Ford).
In the complaint, the plaintiff listed the business address of Ford as 2 Armstrong Road, Shelton, CT 06484. The address of the Santoros is listed as 98 Soundview Avenue, Norwalk, CT 06850.
The return indicates that process was served by Alfred J. Rioux, a sheriff of the County of Hartford. In the return, Rioux attests that on March 8, 1994, he served at Hartford in Hartford County, Jamie Hall, Assistant Secretary of The Prentice-Hall Corporation System, Inc., statutory agent for service for Ford. Thereafter, Rioux served Nicola and Mari-Alyce Santoro on CT Page 6867 March 14, 1994, in Norwalk in the County of Fairfield.
Ford has now filed a motion to dismiss on the ground of insufficient process because the "officer serving the writ and complaint improperly initiated and made service of process outside of his lawful county" in violation of General Statutes § 6-31. Ford also argues that the summons was defective since it failed to list the statutory agent Hall.
Practice Book § 49 requires that the plaintiff must serve a civil summons "describing the parties, the court to which it is returnable and the time and place of appearance." A writ of summons "is an essential element to the validity of the jurisdiction of the court[,] . . . [a]lthough the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." Hillman v. Greenwich, 217 Conn. 520, 526,587 A.2d 99 (1991). The writ should not be set aside based on a circumstantial error or defect as long as the person and cause can be understood by the court. General Statutes § 52-123. The writ of summons must contain substantially the information requested on form JD-CV-1. Practice Book § 49. Form JD-CV-1 does not explicitly require that the agent for service of a corporation be listed. In Illinois Steel Co. v. San Antonio G.S. Ry. Co., 67 F. 561, 562 (W.D. Tex. 1895), the court held that, while insertion of the agent's name would be convenient for the sheriff, there was no reason why failure to name an agent in the summons would render service of process invalid. Id., 562. Dillon v. Fahey,88 Conn. 605, 92 A. 412 (1914), a case cited by Ford, is distinguishable from the present matter as the Dillon case refers specifically to the statutory requirement of naming the garnishee in the writ of foreign attachment. The court holds that the plaintiff's failure to name Hall and Hall's address on the summons is not a defect in the summons.
"Each sheriff may execute in his county all lawful process directed to him. . . ." General Statutes § 6-31. "If any officer has commenced the service of any civil process within his precinct, he may . . . serve the process upon any defendant named in the process outside his precinct." General Statutes § 52-56(a). When the complaint lists defendants outside of the officer's precinct, the officer has the option to serve those defendants within his precinct and then serve the defendants outside the precinct or to deliver process to another officer in the outside precinct who will complete service. General Statutes § 52-56(b). CT Page 6868
Here for service to be proper, the sheriff must have served the defendant located in his own precinct first. See Pantlin v.Chananie Dev. Corp. v. Hartford Cement, 196 Conn. 233, 237-38,492 A.2d 159 (1985). The parties agree that Hall, located in Hartford, was Ford's agent for service. Therefore the service of process was made in the proper manner and the motion to dismiss must be and is denied.
McDONALD, JUDGE CT Page 6869
[EDITORS' NOTE: THE CASE CONTAINED ON THIS PAGE WAS WITHDRAWN BY ORDER OF THE SUPREME COURT. CT Page 6870 [EDITORS' NOTE: THE CASE CONTAINED ON THIS PAGE WAS WITHDRAWN BY ORDER OF THE SUPREME COURT.