JOHN WATSON v. JOSEPH NEWSHAM.

An application to open a judgment by default, and permit the defendant to answer, should show that there is a good defence, and should also show good cause or excuse for not pleading it at the proper time.

Where an execution is issued after twelve months from the issuance of the previous execution, (it was issued twelve months after the return of the previous execution in this case,) it may be enjoined upon simple allegation of the fact, without allegation of payment. (The judgment went by default in this case, and it did not appear, therefore, what the judgment would have been if the defendant in the injunction had appeared and prayed a revival of his judgment.)

The default admitted the truth of the facts charged, and there was nothing to prevent the Court from making a decree (perpetuating the injunction) without reference to the jury.

Error from Travis. Tried below before the Hon. Thomas H. DuVal.

The petition alleged that the judgment was obtained Sept. 28th, 1853 ; original execution issued Dec. 1st, 1853, returned no property ; *alias* execution issued Jan. 25th, 1854, on which some property was sold ; and that the *pluries* execution, which the plaintiff sought to enjoin, was issued June 11th, 1855. It did not appear when the *alias* was returned, but it was returnable according to law on the first Monday in March, 1854. The judgment was in Travis District Court.

*Hamilton & Chandler*, for plaintiff in error.

*Smith & Campbell*, for defendant in error.

LIPSCOMB, J. This was a suit brought by the defendant in error, for an injunction, to enjoin an execution sued out against him by the plaintiff in error, and to enjoin a sale of property

on which the execution was levied. The injunction was granted, and citation served on the plaintiff in error, who failed to answer and the injunction was perpetuated. The petition alleges as the main ground on which the injunction is prayed, that the execution was issued after more than twelve months had elapsed from the issuance of the former execution. The execution purported to be a *pluries*. The plaintiff in error moved to set aside the judgment by default, on the ground that his counsel had been deceived, not expecting the case would be called so soon, and that he had prepared an answer, but had forgotten it. The motion was overruled by the Court.

We believe there were no sufficient grounds shown for opening the judgment by default. There was no showing that there was any good defence, nor any showing that there was any defence whatever. On an application to open a judgment by default, it should be shown that there was a good defence, and good grounds shown why it was not set up at the proper time ; in both of which there was a total failure. The default admitted the truth of the facts charged, and there was nothing to prevent the Court from making a decree without reference to the jury. The judgment is no bar to a suit on the judgment on which the execution had been sued out, or to a proceeding to revive that judgment. The judgment of the Court below is affirmed.

Judgment affirmed.