### THE STATE v. PETER LOPEZ.

"Near McFadden's Grocery, at a public place, at Black Jack Springs, in Fayette County," held, on motion to quash, to be a sufficient description of "the public place," in an indictment for gaming with cards.

Appeal from Fayette. Tried below before the Hon. Thomas H. Duval.

Indictment for gaming with cards at a public place. The indictment charged that Peter Lopez, late of Fayette county, aforesaid, yeoman, with force and arms in the county aforesaid, on the first day of July, Anno Domini one thousand eight hundred and fifty-four, did then and there play at a certain game with cards, upon which property, to-wit, a horse, was bet, near

McFadden's grocery at a public place, at Black Jack Springs in Fayette county, contrary, &c.

Motion by defendant to quash, on the ground that the indictment did not specify and charge that the playing was at a place interdicted by the statute, or at any one of the places named in the statute.   Motion sustained.

*Attorney General,* for appellant.

WHEELER, J.   The indictment charges the playing to have been at a "public place," in the words of the statute ; and that is sufficient as respects the *locus in quo*.  (Hart. Dig. Art. 1474; Prior v. The State, 4 Tex. R. 383.)  The Court therefore erred in quashing the indictment : for which the judgment must be reversed, and the case remanded for further proceedings.

Reversed and remanded.