OXFORD IRON COMPANY *vs.* SPRADLEY.

[ACTION ON PROMISSORY NOTE AGAINST MAKER.]

1. *Corporation; what will sustain judgment by default against.*—In an action against a corporation, a return by the sheriff on the summons and complaint, that he had executed the same "by delivering a copy to G. A., managing agent for the defendant," is not sufficient to sustain a judgment by default.

APPEAL from Circuit Court of Calhoun.
Tried before the Hon. JOHN HENDERSON.

THIS suit was brought by the appellee against the appellant, and was commenced on the 16th of January, 1866, by summons and complaint. The sheriff's return on said summons and complaint was in these words : " Came to hand same day issued ; executed by delivering a copy to Genatus Roberson, managing agent for the defendant, this 17th day of January, 1866." The following is a portion of the judgment entry made in the cause in the court below. " This day came the plaintiff by his attorney, and the defendant being solemnly called, came not, but made default; and it appearing to the court by the return of the sheriff, that the summons and complaint were on the 17th January, 1866, executed by the sheriff, by delivering a copy of the same to Genatus Roberson, managing agent for the defendant, it is therefore considered," &c. The appellant sued out an appeal to this court, and assigned the following errors :

1. The defendant in the court below was not before the court, by service of process or by appearance.

2. The record does not show service on any person liable to be served.

3. The record does not show any service that authorizes the rendition of judgment.

JOHN T. HEFLIN, for appellant.
FOSTER & FORNEY, *contra.*

BYRD, J.—This case must be reversed upon the authority of the following decisions of this court.—*Planters' & Merchants Bank of Huntsville v. Walker*, Minor 391 ; *Lyon et als. v. Lorant & Krebs, Adm'rs*, 3 Ala. 151 ; *Wetumpka & Coosa R. R. v. Cole*, 6 ib. 655.

We are satisfied that a mere recital in the judgment-entry of the return of the sheriff does not relieve this case from the influence of the decisions cited.  Such a recital is not equivalent to a judicial ascertainment of the facts necessary to sustain the judgment by default.  It does not appear by the record that the appellant had an appearance entered in the court below.

Judgment reversed and cause remanded.