## S. W. MASON, Surviving Partner, v. B. AND J. F. SLEVIN.

*Practice.*—In a judgment by default, the facts set out in the petition are to be taken as proved.

*Same.*—It is too late, after judgment by default, to object that the petition does not set out the terms of a will, or that it does not allege that the will was regularly probated and established.

*Partnership.*—A partnership can be extended by will so as to continue after the death of the testator.

Appeal from the County Court of Lamar.—This was a suit brought in the County Court of Lamar county, by the appellees, residing in the city of St. Louis, against appellant, as the surviving partner of the firm of McCune & Mason, of Paris, Texas, on a note for $537.25, of date of September 25, 1875, less $250, paid March 5, 1876. The petition alleged partnership during lifetime of McCune, who died in 1873, the partnership continuing for the period of three years, under a provision of his will. Suit was commenced June 28, 1876. Citation issued June 30, 1876, and was returned, executed, July 5, 1876. Judgment by default was rendered July 19, 1876, for $304. The bond of appellant for writ of error to this court was filed and approved September 25, 1876.

The alleged errors upon which this case is brought up are three in number:

1. Because the judgment is excessive.

2. Because the petition shows that the debt was created long after the death of the deceased partner, W. C. McCune.

3. Because no judgment could be taken by default on the facts stated in plaintiffs' petition against the partnership assets generally.

Wright & McDonald, for appellant.—This was a judgment by default. The petition seeks to make Mason liable, as surviving partner, on a debt which, on the face of the petition, is shown to have been created long after the death of William C. McCune, the other partner. Nor is there any allegation showing a state of facts which would authorize the surviving partner to incur other debts after the death of the other partner. Certainly the allegation that William McClune died leaving a will, in which he authorized and directed the partnership of McCune & Mason to continue for three years, is not sufficient. The will is not set out; nor is it alleged that it was ever probated, without which it would have been mere waste paper. Hence the petition does not aver a good

cause of action, and will not support a judgment by default. (Jennings v. Moss, 4 Texas, 452; Lipscomb v. Bryan, and Malone v. Craig, 22 Texas, 610; Moody v. Benge & Jewell, 28 Texas, 545; Hall v. Jackson, 3 Texas, 305.)

2.   If the court should be of opinion that the petition does show a good cause of action, then we submit that, under the facts alleged, the court could not assess the damages without the intervention of a jury upon a writ of inquiry. (Freeman v. Jordan, 33 Texas, 428; art. 496, Oldham & White's Dig.)

Hale & Scott, for appellees.—We submit that none of the errors assigned in plaintiff's petition for writ of error are at all tenable. The amount of the judgment, according to our calculation, is strictly correct, and if a little erroneous in amount, it could come under the rule of "*De minimum non crevat lex.*" The allegations in plaintiff's petition in the court below are certainly sufficient to entitle them to a judgment, if proved. (Hale v. Jackson, 3 Texas, 305; Long v. Northam, 4 Texas, 362; Williams v. Condict, 10 Texas, 214; Swift v. Farris, 11 Texas, 19; Guest v. Rhine, 17 Texas, 437; Trabue v. Stoneham, 20 Texas, 454; Picks v. Pickson, 21 Texas, 508; Niblett v. Shelton, 28 Texas, 551.) More especially is this true, since no jury is required to assess the damages in any case.

The judgment in this case is against S. W. Mason, surviving partner of McCune & Mason, and against the firm of McCune & Mason, and is in accordance with the principles enunciated in Alexander v. Stone, 41 Texas, and Guirmond v. Nash, 44 Texas, 114. We respectfully suggest that this case case is taken up simply for delay, and that the judgment of the court below ought to be af-affirmed with damages.

Opinion by White, J.—It is a rule of practice settled by the unbroken courrent of decisions in this State, that in a judgment by default the facts set out in the petition are to be taken as proved. (Watson v. Newson, 17 Texas, 437; Guest v. Rhine, 16 Texas, 550; Willard v. Condrict, 10 Texas, 214; Swift v. Farris, 11 Texas, 19; Long v. Wortham, 4 Texas, 302; Hall v. Jackson, 3 Texas, 305; Ricks v. Penson, 21 Texas, 508; Trabue v. Stoneham, 20 Texas, 454; Niblett, v. Shelton, 28 Texas, 551.)

It is objected to the petition in this case, that it does not set out the terms of the will of McCune, or allege and aver that it was regularly probated and established. Doubtless, had such an exception

been made specially to the petition before trial and judgment, it would have been sustained by the court, and the pleader required to set forth the will and probate, substantially or in *hæc verba*. It comes too late after judgment by default.

A partnership can be extended by will so as to continue after the death of the testator. (1 Parsons on Contracts, 5 ed., p. 200, note *d.*)

The judgment of the lower court is affirmed without damages.