[Opinion adopted December 2, 1884.]

## H. S. PIPKIN ET AL. v. KAUFMAN & RUNGE.

(Case No. 1635.)

1. CITATION, SERVICE OF.— As to defendants living in the county of the venue of a cause, a citation which would be valid if served with an accompanying copy of petition, is equally valid if properly served, though no copy of the petition accompanies it.

2. SAME — STATUTE CONSTRUED — VARIANCE.— See opinion for a construction of art. 1215, R. S., which requires a "brief statement of the cause of action" to be made, when service is had by publication; and also for a discrepancy between the petition and the publication as to dates, *held* not to constitute a fatal variance.

3. Judgment.— The failure of a judgment by default to recite that a defendant was served with process, and failed to appear and answer, will not affect its validity when the record discloses the service.

4. Same.— Due diligence must be used to procure the correction of a judgment entered by mistake. It should be called to the attention of the court within the time prescribed by law, and when the mistake has resulted in a judgment against the party complaining, the motion to correct should be accompanied by an affidavit as to merits.

Appeal from Milam. Tried below before the Hon. W. E. Collard.

This suit was brought by Kaufman & Runge against H. S. Pipkin, to recover upon a promissory note a judgment of debt, and to foreclose a vendor's lien retained in the note on nine hundred and eighty-four acres of land on the J. J. Acosta grant, "particularly described in a deed of even date herewith, conveying said land to me," . . . "to which deed reference is hereby made, 14th January, 1878," and signed by H. S. Pipkin. Some credits on the note are alleged and allowed.

Petition alleged that the note was given for purchase money of a tract of land described therein, averred a vendor's lien on that particular land, and alleged and joined appellants E. G. Simms and Leonard Isaacs, as subsequent claimants under Pipkin, with notice of appellees' lien, and prayed a judgment for foreclosure and sale of land described.

Citation was issued on the petition to appellants as defendants, on the 27th March, 1883, returnable third Monday in April, 1883, attempting to describe nature of appellees' demand. There is a return on the citation, which is taken for service.

On 24th of April, 1883, appellees took a judgment by default against appellant Pipkin for debt, and foreclosing the alleged lien on the land described as against all of appellants, ordering sale of land, etc.

On May 19, 1883, appellants moved for a new trial on account of insufficiency of citation in several particulars and because of excessive amount of judgment. The court overruled the motion.

*Antony & Wilcox*, for appellants, on defect in citation, cited: R. S., arts. 12, 15, 1213, 1215, 1244, 1245; Roberts v. Stockslager, 4 Tex., 307; Underhill v. Lockett, 20 Tex., 130; Graves v. Robertson, 22 Tex., 130; Tullis v. Scott, 38 Tex., 537; I. & G. N. R. R. Co. v. Pape, 1 Tex. Law Rep., 624; Graves v. Le Gierse & Co., W. & W. Tex. Ct. App. Civil Cases, sec. 812; Kavanaugh v. Brown, 1 Tex., 482; Wood v. Smith, 11 Tex., 367; Porter v. Miller, 7 Tex., 468; Dikes v. Monroe, 15 Tex., 236.

That the note and deed should have been in evidence, they cited: R. S., art. 1284; Trabue *v.* Stonum, 20 Tex., 455–6; Greenl. on Ev., vol 1., sec. 74 (Redf. ed.); id., sec. 82; Abbott's Tri. Ev., pp. 389, 390, secs. 1–3.

*A. W. McIver* and *Henderson & Henderson*, for appellees.

WALKER, P. J. COM. APP.— The first ground of error relied on is that " The court erred in overruling defendants' motion for a new trial, asked for upon the ground that the citation is defective in not correctly stating the nature of plaintiffs' demand, in this, that said citation describes the note sued on as being made the 14th day of January, A. D. 1878, and due and payable on the 1st day of January, A. D. 1878; whereas the note sued on was executed the 14th day of January, A. D. 1878, and due and payable on the 1st day of January, A. D. 1882, and thereby holding such citation sufficient to maintain the judgment by default."

The citation states the " nature of the plaintiffs' demand " as follows: " Plaintiffs allege that on the 14th January, 1878, the defendant H. S. Pipkin executed to S. B. Leach his promissory note for $1,960, due and payable on the 1st January, 1878, bearing interest, payable annually, at the rate of six per cent. per annum from date. Said note being given in part payment of the purchase money of and retaining a vendor's lien on the following described land " (describing it).

The citation recites that the note is alleged to be unpaid, except the admitted payments of $117.60, paid on the 19th November, 1880, and the same amount paid on the 6th April, 1881.

The defendants being residents of the county where the suit was brought, a copy of the petition was not required to be served upon them. Arts. 1215, 1216, R. S.

Article 1215, Revised Statutes, prescribes that the citation shall state " the nature of the plaintiff's demand."

Where the defendant is to be served without the county in which the suit is pending, a certified copy of the plaintiff's petition shall accompany the citation. Art. 1216, R. S. In the discrimination thus made as to service of process on defendants who are within the county, dispensing with copy of petition as to them, it was intended manifestly that their convenient access to the original petition on file in the clerk's office, and their right to procure on demand a copy of it, if desired, should supply the necessity, formerly existing, of furnishing them with such copy together with the

citation. Consequently, we deem it a proper construction of the law to hold that, as to defendants served in the county where the suit is pending, a citation which is valid if served with an accompanying copy of the petition, is equally good served on such defendants although accompanied by no copy of petition.

The statute does not require a detailed and specific statement of grounds of the plaintiff's action; nor yet does it, as in cases provided for in article 1235, Revised Statutes, for the publication of the citation in a newspaper, require that it shall contain " a brief statement of the cause of action,"— but only that it shall state " the nature "— the character or controlling characteristics — of the plaintiff's demand.

It is not necessary in this case to attempt to define the precise limits as to precision or detail to be assigned to such a statement in a citation in respect to the plaintiffs' demand or cause of action; it is, we think, sufficient to say that the citation stated with sufficient fullness and accuracy the nature of the plaintiffs' demand. The nature of that demand was to recover the amount due on a certain note described in the citation and which was necessarily set forth in the original petition, and to enforce a vendor's lien on a certain tract of land likewise described in the citation, and in the petition from which such description purports to have been taken.

Both the note and the land were attempted to be described. The note was identified in that description by every essential designation calculated to distinguish it from any other note made by the defendant Pipkin, as its date, time of maturity, the name of the maker and payee respectively, its amount, credits or payments made on it, and the date of the same, and the consideration for which it was given. The citation misdescribed, however, the date when it was made payable,— giving a date several days prior to the date when it was executed, instead of the true date; January 1, 1878, instead of January 1, 1882.

Such a misdescription as that was, was not of a character to mislead the defendants into the belief that the plaintiffs' demand was other than that which it was in fact. Notwithstanding the variance and discrepancy, the defendants were informed by the citation that the plaintiffs had instituted their suit to recover on a certain note as therein described and to enforce the vendor's lien securing its payment. That was the *nature*, at all events, of the plaintiffs' demand; the contents of the citation left no doubt on their minds that the plaintiffs sought the remedies mentioned above against them on a note for a specified amount, which was identified by the various

circumstances of identification before stated. They could not have been misled thereby into the belief that the demand was in any material matter of a nature or character different from that set forth. For a more specific and definite description of the grounds of action, or for a detailed and sufficient description of the note and of all the facts essential to plaintiffs' cause of action, the defendants knew, as a matter of law, that the petition on file would advise them. Any mere discrepancy or variance in the description of the note contained in the citation would by a comparison between them be corrected and explained by the petition; and as the statute does not require the ground of action to be described in the citation, nor to be more fully stated than to state its nature, a mere misdescription by the citation in some detail of the terms of an instrument of writing, such as a promissory note that is sued on, if the same is not of a character to mislead the defendant into supposing that the plaintiff's demand is of different character than that which may be rationally inferred from the citation, we think, will not have the effect to vitiate the service of such citation on the defendants.

The requirement of greater exactness than we prescribe in this case must result in exacting of the clerk who issues the citation to set forth the plaintiff's cause of action, and to describe an instrument sued on with such accuracy of description that there shall be no variance with that given in the petition. Such results would be desirable, if always practicable; but we may well suppose, from the requirement in the statute that a statement of the nature, merely, of the plaintiff's demand shall suffice, that the law contemplated the mistakes, errors and consequent delays to litigants which would ensue if the clerks of courts had imposed upon them the duty of describing with legal precision, in the citation, the various elements and grounds of action which enter into the numerous kinds of demands instituted in the courts.

The want of a recital in the judgment by default that the defendants were served with process and failed to appear and answer does not invalidate the judgment when it appears, as in this case it does, from the record that there was due service of process. See Caldwell v. Brown, 43 Tex., 216.

It is assigned as error that the judgment is not supported by evidence of the production of the note sued on. The statement of facts shows that the court acted on the assumption that the note was in court and filed in court with the clerk through the representations made by the plaintiffs' attorney making such statement when the judgment was rendered. There is nothing in the record calcu-

lated to rebut the inference that the note was there, and filed as stated, and that the judgment was rendered up and the damages assessed by the clerk with the note before him.

The presumption under such state of case is that the proceeding in question was regular and in accordance with the law, and it will not be disputed unless upon the appearance of some fact in the record calculated to establish the contrary state of case. See Look v. Henderson, 4 Tex., 303. Besides, if such a mistake was made as that imputed, the defendants ought to have moved the court to correct it during the term by filing a motion to set aside the judgment by default. The defendants did, it is true, file such a motion, but it was not entitled to be considered because it was not filed within the time prescribed by law nor was there accompanying it an affidavit as to merits. See 17 Tex., 437; 20 Tex., 122; 27 Tex., 371; Cook v. Phillips, 18 Tex., 33; Goodhue v. Meyers, 58 Tex., 406.

We report for the affirmance of the judgment.

AFFIRMED.