# G., H. & S. A. R'Y Co. v. C. H. Gage.

(Case No. 5157.)

1. SERVICE OF CITATION.— Service of process in a legal proceeding cannot be made on a defendant railway company by leaving a copy of the citation at its office, unless it be at the principal office of the corporation (R. S., 1223). Such service may be made on the local agent of the defendant, representing it in the county of the venue of the cause.

2. SAME — PLEADING. — When in a suit against a railway corporation the petition alleged that the company had a local agent in the county, but omitted to state his name, and the citation required the officer to summon the defendant for the proper term of court, but did not specify upon whom it should be served, held:

(1) The better practice is for the petition to designate who is the local agent for the corporation in the county, if it has one, and for the writ to require the officer to execute it by serving a copy thereof on such local agent.

(2) If the petition and writ be thus specific, a judgment by default might be taken without proof that the person served as agent was in fact the agent of the company. (Citing H. & T. C. R. R. Co. v. Burke, 55 Tex., 329.)

(3) If the petition and writ fail to designate who the local agent is, no action should be taken in the determination of the cause until proof is made that the person served was really the local agent of the corporation, acting for it.

(4) The return of the officer is not conclusive as to who was the local agent, but that fact may be put in issue by a sworn plea. (Citing M. P. R. Co. v. Keep, 22 Ill., 16, which case is reviewed.) The issue cannot be raised by motion in the absence of a sworn plea.

3. PARTIES.— In a suit for the recovery of money for work done on a contract between defendant and plaintiff, a defense setting up that the defendant had paid for the work to other parties, between whom and plaintiff no privity of contract is alleged, does not entitle the defendant to have such other parties brought in as parties to the suit.

4. CONTINUANCE.— Service on defendant was made February 24, 1883, and the cause was tried April 6, 1883. The defendant sought a continuance for the absence of the testimony of one of its agents. In the application for continuance it was stated that, a few days after service on the local agent, and before the principal officers of the company knew of such service, the agent whose testimony was desired went to California on important business for the company, where he was detained several weeks, and on his return went immediately to Mexico, where he still was, and that there was no time, before his departure for California, nor after his return and before his leaving for Mexico, to take his deposition, and that no diligence would have procured his evidence. Held, that the witness being in the employ of the party seeking a continuance, and it electing to keep him otherwise employed than in answering depositions, his employer could not delay a case for the absence of his testimony, and the application for continuance was properly overruled.

5. SAME.— An application for continuance, which discloses that the applicant knew the town and state where the witness resided, but did not know the county in which the town was located until the day of filing the applica-

tion, and that he could not then procure his testimony, was properly disregarded by the court.

6. Bill of exceptions.—A bill of exceptions to the exclusion of evidence should show what the objection was to the evidence; when this is not done, every presumption will be indulged in favor of the correctness of the ruling excluding it.

Appeal from Uvalde. Tried below before the Hon. T. M. Paschal.

The appellee sued on a verbal contract with the agent of the appellant to recover for work done. After several pleas and exceptions had been overruled the appellant filed its answer to the merits, consisting of a general denial; also denying specially that appellee was engaged or contracted with by appellant to do any of the work described in the petition, alleging that " all of the work of the character described in plaintiff's petition, authorized by and done for the defendant company in the localities designated in the plaintiff's petition, was done by the contractors " Henry & Dilley; " that plaintiff was, when said work was done, an employee and working for said firm, and not on his own account as contractor; " that for all of said work " this company has paid said Henry & Dilley in accordance with their said contract," and that if plaintiff did any of the work described, it was done for said firm, by whom, as defendant is informed and believes, plaintiff has been fully paid. Therefore appellant alleged, in its answer, that Henry & Dilley, giving their individual names and places of residence, were necessary parties defendant, and prayed the court to make them parties, and that they be cited as such.

The prayer to make Henry & Dilley parties having been overruled, and the court also having overruled defendant's application for a continuance, the case proceeded to trial before the court, and judgment was rendered for plaintiff and against the defendant for the sum of $27,333.40.

The first citation was served in San Antonio on February 3, 1883. The second citation was served in Uvalde on February 24, 1883. The application for continuance was presented on April 11, 1884, two months and eight days after the first, and one month and eighteen days after the second, service of citation.

The application for continuance was for the want of the testimony of James Converse, the chief engineer and superintendent of construction of defendant, who resided in Harris county, Texas; George M. Dilley, a resident of Anderson county, Texas; and J. A. Henry, who resided in the county of Wills, in the state of Illinois. The application, in accounting for the failure to use diligence to get James Converse's testimony, says: " That within a few days after

the service of the citation on the local agent of this company in Uvalde county, and before the same had been communicated to the principal or even the subordinate officers of the company, or to any of its principal officers, and before any measures could be taken to secure the depositions of said witness, himself, ignorant of such service, went to the state of California on important business of this company, where he was detained for several weeks, and on his return therefrom went immediately into the Republic of Mexico, where he still is; that there was not sufficient time between the service of said citation and the departure of said witness for California to have procured his testimony by depositions, nor during the time of his stay in Texas after his return from California and before his departure for Mexico, and that said witness has not to the present time returned from Mexico, but is expected daily, and defendant says that no diligence he could have used would have procured the testimony of said witness to this term of the court."

The application, in accounting for the failure to use diligence to get the testimony of George M. Dilley, says: " That defendant, being uninformed of said citation, was only apprised of the same upon his attorneys reaching this court and finding the return thereof of date the first day of this term; that it was then too late to take said depositions; but, relying on the attendance of said witness, was only this day informed that the cause of the detention of said witness was serious illness, and no diligence defendant could have used after knowledge of service of the said [second] citation could have procured the deposition of said witness."

The application, in accounting for the failure of defendant to use the statutory diligence to procure the testimony of J. A. Henry, says: " That the witness J. A. Henry has been out of the state and continuously absent therefrom since service of said [second] citation; that defendant, by its attorneys, have (has) made diligent inquiry for the residence of said witness, but while informed that his residence was in Joliet, Illinois, only to-day ascertained that it was in Wills county of said state; that said witness will testify to the same facts as his partner, George M. Dilley, and no diligence plaintiff (defendant?) could have used would have procured the testimony of said witness in time for trial at this term."

*Waelder & Upson*, for appellant, on the overruling of the application for continuance, cited:   Art. 1277, R. S.; Payne *v.* Cox, 13 Tex., 480; Price *v.* Lauve, 49 Tex., 81; Railroad Co. *v.* Henning, 52 Tex., 474.

They also cited, on the question of parties: Art. 1209, R. S.; Baily *v.* Trammell, 27 Tex., 326; Allison *v.* Shilling, 27 Tex., 453; Denison *v.* League, 16 Tex., 408; Kegans *v.* Allcorn, 9 Tex., 34; Holloway *v.* Blum, Galveston term, January 22, 1884 [60 Tex., 625]; 3 Tex. L. Rev., 55.

*Osceola Archer*, for appellee, on refusing the continuance, cited: Supreme Court Rules, Nos. 24, 25 and 26 (47 Tex., 602); R. S., art. 1359; Morris *v.* Files, 40 Tex., 377–8; Campion *v.* Angier, 16 Tex., 93, 94; Harrison *v.* Cotton, 25 Tex., 53, 54; Runnels *v.* Belden, 51 Tex., 48; Lewis *v.* Williams, 15 Tex., 48, 49; Carter *v.* Eames, 44 Tex., 547; Williams *v.* Edwards, 15 Tex., 43; Meredith *v.* State, 40 Tex., 482, 483; Trammell *v.* Pilgrim, 20 Tex., 160; Hensley *v.* Lytle, 5 Tex., 499; Price *v.* Lauve, 49 Tex., 81, 82.

On defect in bill of exceptions, he cited: Underwood *v.* Coolgrove, 59 Tex., 171; Johnson *v.* Crawl, 55 Tex., 576; Greenwade *v.* Walling, 30 Tex., 378; Hagerty *v.* Scott, 10 Tex., 532–3.

On the question involving proper parties, he cited: R. S., art. 1209; Burditt *v.* Glasscock, 25 Tex. Sup., 48; Williams *v.* Wright, 20 Tex., 502, 503; Smith *v.* Allen, 28 Tex., 501; Robb *v.* Smith, 40 Tex., 95; Holloway *v.* Blum, January, 1884, vol. 3, No. 54, Tex. L. Rev., p. 55 [60 Tex., 625]; Van Bibber *v.* Geer, 12 Tex., 17, 18; Story's Eq. Jurisp. secs. 821, 822; Story's Eq. Pl., secs. 291–293; Wait's Actions and Defenses, vol. 4, pp. 149, 151, sec. 1.

Stayton, Associate Justice.— The first service of citation was by leaving a copy of the citation and petition at the office of the appellant, in the city of San Antonio, during office hours.

A plea was filed, under oath, stating that the principal office of the company was, and at all times had been, in the city of Houston, Harris county, Texas, and that at no time had such office been in the city of San Antonio, and it was asked that the service of citation be set aside. To this plea an exception was sustained, and we are of the opinion that this ruling was erroneous, for there is no authority for making service at an office of a corporation other than its principal office, unless the service be made on the local agent representing a company in the county in which a suit is brought. R. S., 1223.

Every railway company is required to keep a public office, which in the statute referred to is styled its principal office, and of its location to give notice. R. S., 4115–4122.

It, however, does not necessarily follow that this error will re-

quire the reversal of the judgment, for, subsequently to the time that service was attempted, as before stated, another citation issued, directed to the sheriff of the county in which the suit was pending, and on February 24, preceding the trial on April 6, service of that citation was made; the sheriff's return being that he delivered " a true copy of this citation to F. Voelker in person, the local agent representing the within named defendant, the Galveston, Harrisburg & San Antonio Railroad Company, in the county of Uvalde."

There was a motion to quash the citation and return, the grounds of which were as follows:

" 1. The petition does not allege that there is a local agent of the company in Uvalde county, nor pray for service of citation on one, but seeks service of citation by leaving a copy at the principal office, nor is there amendment to justify issue of citation to Uvalde county.

" 2. The citation itself does not direct how service should be had, or that it should be had on an agent, designating him.

" 3. The return does not show that F. Voelker was such an agent as service might be legally had on."

The motion was overruled.

The petition averred that the appellant had an agent in the county of Uvalde, but it did not state who the local agent was; and the citation directed the sheriff to summon the Galveston, Harrisburg & San Antonio Railway Company to appear at the time fixed by law for the term of the district court for Uvalde county. ·

The citation, however, gave no specific direction upon whom or in what manner it was to be served.

There is no doubt that the better practice requires that the fact that there is a local agent of the corporation in the county in which the suit is brought should be stated in the petition, and that the name of such agent should be given; and further, that the citation should direct the sheriff or other officer to execute it by serving a copy of the citation on the named local agent. Sun Mutual Ins. Co. v. Seeligson, 59 Tex., 6; Galveston & Red River R'y Co. v. Shepherd, 21 Tex., 277.

Upon a petition containing such averment, and citation giving such direction, it has been held that a judgment by default might be taken without proof that the person served as agent sustained that relation to the company. H. & T. C. R. R. Co. v. Burke, 55 Tex., 329.

In the case before us neither the petition nor citation gave the name of the person who was the local agent of the appellant in

Uvalde county, and we are of the opinion that in such cases, if there be no appearance for the defendant, a court ought to take no action until proof is made that the person served was really the local agent of the corporation sued, acting for it in the county in which the suit is brought.

In the state of Alabama such proof is required in all cases in which there is no appearance for the defendant. 1 Ala., 391; 3 Ala. (N. S.), 151; 6 Ala. (N. S.), 655; 42 Ala., 24; 43 Ala., 508.

And we are of the opinion that in all cases in which service is made on a person represented to be the agent of a corporation, the return should not be held conclusive of the fact that the person served was in fact the local agent, and that this fact may be put in issue by a sworn plea.

This matter is so well presented in the case of M. P. R. R. Co. v. Keep, 22 Ill., 16, that we feel authorized here to insert a part of the opinion: "We are not inclined to think the return of the officer as to the fact of agency, where a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence had the officer the undisputed power to select any person he might choose as the agent of a company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. An officer's return is not conclusive of all the facts stated in it; as, where he returns upon a *fi. fa.*, 'money made and paid to the plaintiff,' the payment is a fact which may be contested. So in this case the fact that J. R. Booth was the agent and Dexter the conductor is not conclusively established by the return; it can be contested. Our statute authorizing service of process on an agent or conductor is an innovation upon the ancient practice, and no greater force and effect should be given to it than is absolutely necessary. . . . We think, therefore, that the fact of agency could have been put in issue by plea in abatement of the writ, the defendant appearing for that purpose only. By such practice no injustice can be done." This rule will afford protection to all.

In the case before us, however, the defendant did appear, and for the purpose of abating the writ, a copy of which was left at its office in San Antonio, filed a sworn plea; but it filed no such plea in reference to the fact of agency or not of the person on whom the writ was served in the county in which the suit was brought; but sought simply to quash the writ and service, upon purely technical grounds, without in any manner denying that the person served was its local agent in the county of Uvalde at the time the writ was served.

We are of the opinion that this was not the proper manner for raising the question of the sufficiency of the service, and that the court did not err in overruling the motion; hence the ruling on the exception to the sworn plea raising an issue as to the locality of its principal office, although erroneous, becomes unimportant.

The action of the court below in refusing to make Henry and Dilley parties defendant was not erroneous; for the appellee was not claiming to recover for work done under any contract which the railway company may have had with them.

He based his right to recover upon a contract made with himself, and his right to recover would stand on the existence of such a contract as he alleged and his execution of work under it.

The fact that the work may have been embraced in a contract made between the appellant and Dilley and Henry would in no manner have affected the right of the appellee to recover on a contract made with himself to the extent of the work which he did under it. If the appellant paid to Henry and Dilley money, which ought to have been paid to the appellee, that cannot affect his right, nor make it necessary to make Henry and Dilley parties to this action.

The application for a continuance was properly overruled; for no diligence to procure the testimony was used.

The witness Polk appeared and testified on the trial. The witness Converse was an employee of the appellant, and presumably under its control; and if there was not time to take his deposition after service was made, and before he went to California on business for appellant, or while he was in California, it does not clearly appear that his deposition might not have been taken after his return from California, before he went to Mexico. The inference from the application is, that Converse was in the employment of the appellant at the time he went to Mexico, and even up to the date of the trial. If so, and the appellant deemed it of more importance to its business and interest that he should go to Mexico than to give his deposition in the case, in order that it might be tried promptly, then it had a perfect right to pursue such course as was deemed by it most to its advantage, but it could not thus delay the trial of the action which the appellee had instituted. The witness Dilley lived in the state, and the place of his residence seems to have been well known.

The appellant had information that the witness Henry resided in "Joliet, Illinois," but the application states that it was only ascertained on the day the application was made "that it was in Wills county, in said state." We do not judicially notice the subdivisions

of other states, and cannot say that "Joliet" is in "Wills county, Illinois." The inference from the application is that Joliet is a town or city in Wills county, Illinois; or at least there is no clear statement to the contrary. The language used is: "has made diligent inquiry for the residence of said witness, but while informed that his residence was in Joliet, Illinois, only to-day ascertained that it was in Wills county, of said state."

If the town in which the witness resided was known, a reference to the most ordinary means of information would have given the name of the county in which he resided.

Citation was served on the agent of the company February 24, 1883, and the cause was not tried until April 6 following; yet no steps were taken to procure the testimony of these witnesses.

The court correctly ruled, for reasons before given, that proof that the work which appellee claimed to have done, under a contract made with himself, was included also in a contract made with Henry and Dilley, was irrelevant; and, for the same reasons, estimates of work given to Henry and Dilley by officers of the appellant, and receipts signed by Henry and Dilley for the full amounts of such estimates, were properly excluded.

It is urged that the court erred in its ruling evidenced by the following bill of exception:

"On the trial of this cause defendant's counsel asked the witness for defendant, if he, the said witness, had any authority to enter on behalf of the company into a contract for such work as that sued for and described in plaintiff's petition and exhibit, which question was objected to by plaintiff and the objection sustained by the court and the testimony excluded, to which ruling defendant excepted," etc.

It is well settled that a bill of exceptions taken to the exclusion of evidence should show what the objection to the evidence was.

This bill of exceptions does not do this. The evidence may have been excluded upon some sufficient ground; as that the power conferred upon the witness was by an instrument in writing in existence and not produced, or upon the ground that the witness was not called upon to state the facts on which his authority to contract would depend, but simply his own opinion as to his authority based on facts not stated. All presumptions will be indulged in favor of the correctness of the ruling of the court below which may be when the grounds of the ruling in excluding evidence are not shown in the bill of exceptions.

The court found as a fact that the work was completed before

the last of July, and, if the court erred in excluding evidence to prove that fact, it did not injure the appellant; for the same purpose intended was reached by other evidence, and the appellant had the full benefit of the finding that the fact which he offered to prove was true.

The evidence as to the existence of the contract set up by the appellee, and as to the power of the agent to make it, as well as to the amount of work done by him under it, was conflicting, but it cannot be said that the preponderance of the evidence does not sustain the finding of the court in all these respects.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered December 19, 1884, and motion for rehearing overruled January 3, 1885.]