Mo. Pac. R'y Co. v. C. J. Wise et al.

(No. 2923.)

Appeal from Hopkins County.   Opinion by Will-son, J.

Peteet & Crosby, counsel for appellant.

Henderson & Blocker, counsel for appellees.

§ 386.  *Citation in suit against a corporation held suffi-cient; return of service of, held sufficient.*   The citation commanded service thereof to be made upon the defend-ant, the Missouri Pacific Railway Company, and in other respects complied substantially with the requirements of the statute.   It is not essential, though it is proper, and the better practice, in a citation against an incorporated company, to name therein the local agent upon which the same is to be served. .An omission to do so, as there was in this case, does not invalidate the citation.   [R'y Co. v. Gage, 63 Tex. 568; 2 App. C. C. § 242.]   The re-turn upon the citation shows that it was served upon A. E. Davis, the local agent of defendant company, by delivering to him in person a true copy of the writ, stat-ing the date of such service.   This shows a legal service. [R. S. arts. 1223–1225; Ins. Co. v. Millikin, 64 Tex. 46.]

§ 387.  *Persons jointly interested in a part of the dam-ages claimed may maintain the suit jointly for other damages claimed in which they are not jointly interested.* This suit was brought by appellees jointly to recover of appellant damages for the destruction of grass, turf, rails, pasturage, hay and cotton, caused by the negligent acts of appellant's employees.   On the trial the evidence showed that Smith, one of the plaintiffs, had no interest in any of the property destroyed except the cotton, but that he was a joint owner with the other plaintiffs of the cotton.   Appellant contends that there was a misjoinder of parties plaintiff.   *Held:* All the plaintiffs were not only proper but necessary parties to the suit in so far as

461

it sought to recover damages for the destruction of the cotton. [2 App. C. C. §§ 173–175; *ante*, § 317.] Under our liberal rules of pleading and practice, the plaintiffs, being properly and necessarily joined as to a portion of the damages claimed, may maintain the suit jointly as to the other damages. Our system abhors a multiplicity of suits, and no good reason appears for requiring two suits in a case like this, where the claims for damages are based upon the same negligent acts and constitute but one transaction.

§ **388.** *Rebutting evidence as to damage held admissible.* On the trial appellant proposed to prove that at the time the grass was destroyed it was in a dry, dead condition, and valueless. This proposed testimony was rejected. *Held* error. Such testimony was relevant and material.

§ **389.** *Growing crop; measure of damage for destruction of; illegal evidence as to.* It was error to permit appellees to prove, over objections of appellant, what the growing and immatured cotton would have yielded had it not been destroyed. The measure of damage was the value of the cotton at the time it was destroyed, with legal interest upon the amount from the date of the destruction, and to this measure the testimony should have been confined. [1 App. C. C. §§ 298, 482, 1139; 2 App. C. C. § 288; R. R. Co. v. Young, 60 Tex. 201.]

November 14, 1888.      Reversed and remanded.