ILLINOIS STEEL CO. v. SAN ANTONIO & G. S. RY. CO. et al.

(Circuit Court, W. D. Texas, San Antonio Division. May 9, 1895.)

No. 556.

**1. Writs—Service on Corporation—Return.**

Under Rev. St. Tex. art. 1223, authorizing the citation in a suit against an incorporated company to be served on the president, secretary, or treasurer, or on the local agent of such company, where the writ commands the marshal to summon a railroad company, but does not name the officer on whom it is to be served, a return showing service of the citation on the president, secretary, and local agent, respectively, in person, shows a valid service on the railroad company.

**2. Same—Motion to Quash.**

Where a return shows that a citation was served on the president, secretary, and local agent of a corporation defendant (Rev. St. Tex. art. 1223), naming them, the citation will not be quashed on motion of defendant, on the ground that the names of the officers served were not contained in the petition and writ, even conceding such omission to be material, where defendant does not deny under oath that the person served were its officers or agents.

Action by the Illinois Steel Company against the San Antonio & Gulf Shore Railway Company and others on a promissory note. Defendant railway company moves to quash the citation.

Suit is brought by plaintiff to recover of defendants the sum of $27,903.99, evidenced by the promissory note executed by defendants to plaintiff on the 1st of November, 1894. The petition alleges that plaintiff is a corporation, created and existing under the laws of Illinois; and that the defendant railway company is a corporation created and existing under the laws of Texas, having its principal public office and place of business in the city of San Antonio, Bexar county, and Western district of Texas, and that its president, secretary, and treasurer reside in said county and district, and, further, that it has a local agent representing it therein. The petition prays that the defendants be cited "in the manner authorized and provided by law." As to the defendant railway company three citations were issued and served, respectively, upon G. G. Clifford, as president, R. E. Saddler, as secretary, and V. B. Colley, as local agent. The citations are similar, and are of the following form:

"United States of America, Western District of Texas, at San Antonio.
Citation in Circuit Court.

"The President of the United States to the Marshal of the Western District of Texas, Greeting: You are hereby commanded to summon the San Antonio & Gulf Shore Railway Company, a resident of the county of Bexar, in the Western district of Texas, if to be found therein, to be and appear before the honorable circuit court of the United States, at a court to be holden in and for said district, at San Antonio, on the first Monday, being the 6th day, of May, A. D. 1895, and the first day of the regular term of said court in course, to answer a petition and complaint exhibited and filed in said court on the 18th day of March, A. D. 1895, in a suit numbered on the docket of said court No. 556, wherein the Illinois Steel Company is plaintiff, and the San Antonio & Gulf Shore Railway Company, Wm. Davis, John Ireland, H. O. Engelke, and George Dullnig are defendants. The nature of the plaintiff's demand is as follows, to wit: Praying judgment against each of said defendants for the sum of $27,903.99, besides interest, costs, and $6.62 protest fees, due upon a promissory note dated November 1, 1894, executed by said defendants, whereby said defendants, and each of them jointly and severally, for value received, promised to pay to the order of plaintiff at the Fifth National Bank of San Antonio, Texas, the said sum of $27,903.99, in U. S. gold coin of standard weight and fineness, with interest

at the rate of 6 per cent. per annum, and as will more fully appear from copy of plaintiff's petition attached. And you will deliver to the defendant San Antonio & Gulf Shore Railway Company, a true copy of this writ, and the accompanying certified copy of plaintiff's original petition."

The returns of the marshal are also similar, except as to the name and official designation of the party upon whom service was made, and are as follows:

"Came to hand on the 18th day of March, A. D. 1895, at 3:00 o'clock p. m., and executed on the 18th day of March, A. D. 1895, at 3:11 o'clock p. m., by delivering to G. G. Clifford, president of the San Antonio & Gulf Shore Railway Company, the within-named defendant, in person, in the county of Bexar, and Western district of Texas, a true copy of this citation, and the accompanying certified copy of plaintiff's petition.

"Richard C. Ware,
"United States Marshal for the Western District of Texas,
"By Addison Kilgore, Deputy."

The railway company, appearing for the purpose of quashing the citations, urges, in support of its motion, the following grounds: "First. The return of the citations served upon G. G. Clifford, V. B. Colley, and R. E. Saddler do not show that said company has been served with process. Second. Said returns of said citations show that Secretary R. E. Saddler has been served, and that Local Agent V. B. Colley has been served, and that President G. G. Clifford has been served, when said Saddler, Colley, and Clifford are not made parties to this suit in said petition, nor do their names appear anywhere in said petition. But neither of said returns shows that said company has been served by leaving a copy of citation at its principal office, or that there has been service upon said railway company by service upon any of its agents."

Baker, Botts, Baker & Lovett and Searcy & Garrett, for plaintiff.
W. W. King, for defendant railway company.

MAXEY, District Judge, after stating the case, delivered the following opinion:

By article 1223, Rev. St. Tex., it is provided that:

"In suits against any incorporated company or joint-stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association in the county in which the suit is brought, or by leaving a copy of the same at the principal office of the company during office hours."

The writ in this case commanded the marshal to "summon the San Antonio & Gulf Shore Railway Company," and the return shows that a copy of the citation, together with a certified copy of the petition, was delivered to the president, secretary, and local agent, respectively, in person. The argument of the railway company's counsel assumes the necessity of incorporating in the petition and citation the name of the president, secretary, or other officer or agent upon whom service of process is sought, in order to render the service effective as to the corporation. That such practice would be convenient to the officer making the service may be admitted. But no reason is perceived why the insertion of the officer's name in the petition and citation should be considered as a prerequisite to valid service. And this observation is especially applicable to those cases in which service is had upon the president, secretary, or other general officer or managing agent of the corporation. See Railway Co. v. Wells, 3 Tex. Civ. App. 307, 23 S.

W. 31. By the court of appeals of this state, a citation, similar in essential respects to the one now before the court, has been held sufficient. Thus, it is said in Railway Co. v. Wise, Judge Willson delivering the opinion, that:

"The citation commanded service thereof to be made upon the defendant, the Missouri Pacific Railway Company, and in other respects complied substantially with the requirements of the statute. It is not essential, though it is proper and the better practice, in a citation against an incorporated company, to name the local agent upon which the same is to be served. An omission to do so, as there was in this case, does not invalidate the citation. Railway Co. v. Gage, 63 Tex. 568; Railroad Co. v. Sauls, 2 Willson, Civ. Cas. Ct. App. § 242. The return upon the citation shows that it was served upon A. E. Davis, the local agent of defendant company, by delivering to him in person a true copy of the writ, stating the date of such service. This shows a legal service. Rev. St. arts. 1223–1225; Insurance Co. v. Millikin, 64 Tex. 46." 3 Willson, Civ. Cas. Ct. App. § 386.

But conceding the omission in the petition and citation to name the officer to be material, the important inquiry arises: Can such omission or defect be taken advantage of by a motion to quash? This question has been answered in the negative by the supreme court of this state. In Railway Co. v. Gage, 63 Tex. 568, neither the petition nor the citation gave the name of the person who was the local agent of the company; and while it is there held that if, in such cases, "there be no appearance for the defendant, the court ought to take no action until proof is made that the person served was really the local agent of the corporation sued, acting for it in the county in which the suit is brought," yet, at pages 573, 574, Mr. Chief Justice Stayton, as the organ of the court, further says:

"In the case before us, however, the defendant did appear, and for the purpose of abating the writ, a copy of which was left at its office in San Antonio, filed a sworn plea; but it filed no such plea in reference to the fact of agency or not of the person on whom the writ was served in the county in which the suit was brought, but sought simply to quash the writ and service, upon purely technical grounds, without in any manner denying that the person served was its local agent in the county of Uvalde at the time the writ was served. We are of the opinion that this was not the proper manner for raising the question of the sufficiency of the service, and that the court did not err in overruling the motion; hence the ruling on the exception to the sworn plea, raising an issue as to the locality of its principal office, although erroneous, becomes unimportant."

In the case at bar, the railway company, not denying under oath, as it should do, that the persons served were its officers or agents at the date of service, merely interposes a motion to quash upon purely technical grounds, and the court is of opinion that the question of sufficiency of the service cannot be raised in this manner. The motion should be overruled; and it is so ordered.