## DELAWARE INS. CO. v. HUTTO.

(Court of Civil Appeals of Texas. Austin. May 14, 1913. On Motion for Rehearing, June 18, 1913.)

1. INSURANCE (§ 627*)—ACTIONS—PROCESS—SERVICE—RETURN—SUFFICIENCY.

Return of service of citation, in an action against an insurance company having local agents in the county, which recites that the citation was executed by delivering to one of the local agents at a specified place, "the within named defendant, in person, a true copy" of the writ, is sufficient to show service on the company.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1573, 1574; Dec. Dig. § 627.*]

2. CORPORATIONS (§ 668*)—SERVICE OF PROCESS—RETURN—AMENDMENTS.

Under Rev. Civ. St. 1911, art. 1879, providing that any mistake in the return may be corrected by the officer under the direction of the court, the defect, if any, in the return of service of citation in an action against a corporation, which recites that it was executed by delivering to a local agent a true copy, may be cured by an amendment, reciting that the citation was executed by summoning the company by delivering to its local agent named, in person, a copy of the writ.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

3. JUDGMENT (§§ 143, 145*)—DEFAULT JUDGMENT—VACATION—GROUNDS.

A default judgment cannot be set aside unless there is a meritorious defense and a good

excuse for failure to answer at the proper time.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269–271, 272–291, 292–295; Dec. Dig. §§ 143, 145.*]

4. JUDGMENT (§ 143*)—VACATION OF DEFAULT JUDGMENT—DILIGENCE.

Where a corporation, seeking to vacate a default judgment against it, did not assert that the agent served with process was not its agent, but showed that he could not employ counsel, and that the general agents empowered to employ counsel were not notified of the suit, and did not show when the agent forwarded the process served on him, and, so far as shown, he might not have forwarded the citation until after the default judgment, it did not excuse its failure to present its answer in time, and the court properly refused to vacate the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

5. JUDGMENT (§ 124*)—DEFAULT JUDGMENT—PROCESS—SERVICE—PROOF OF AGENCY.

Where the citation, in an action against a corporation, gives the name of its agent, and the citation contains directions requiring service on him, judgment by default may be taken, without proof that the person is the agent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 226; Dec. Dig. § 124.*]

6. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS—PROOF.

The court on appeal to sustain the judgment may, in the absence of anything in the record to the contrary, presume that proof of an essential fact was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

On Motion for Rehearing.

7. JUDGMENT (§ 17*) — PROCESS TO SUSTAIN DEFAULT JUDGMENT — SERVICE — SUFFICIENCY.

Where the petition in an action against a corporation, alleged that a firm, composed of persons named, residing in the county, was its agent, and the citation issued commanded service on the corporation by delivering a copy thereof to the agent, and the return of the sheriff showed that the citation was served by delivering a copy thereof to one of the partners, the service was sufficient to support a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

8. JUDGMENT (§ 17*) — PROCESS TO SUSTAIN DEFAULT JUDGMENT — SERVICE — DEFAULT JUDGMENT.

Where the court, in an action against a corporation permitting an amendment of return of service, found that it appeared that the person on whom service was made was at the time a local agent of the corporation, the question whether such person was the agent was judicially determined, and a default judgment was proper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

9. PROCESS (§ 141*)—SERVICE—RETURN—SUFFICIENCY.

The sheriff's return of service of process imports absolute verity.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 189–192; Dec. Dig. § 141.*]

Error to District Court, Coleman County; John W. Goodwin, Judge.

Action by M. J. Hutto against the Delaware Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

William Thompson, of Dallas, and Snodgrass & Dibrell, of Coleman, for plaintiff in error. Woodward & Baker, of Coleman, and J. E. Brown, of Brady, for defendant in error.

RICE, J. This writ of error was sued out by plaintiff in error to reverse a judgment by default, rendered in favor of defendant in error, against it on a fire insurance policy, on the ground chiefly that said judgment was rendered without legal service, and that it had a meritorious defense, which it was prevented from setting up without fault on its part.

[1, 2] The petition alleged that the firm of Dumas, Zimmerman & Dibrell, composed of L. M. Dumas, R. E. L. Zimmerman, and Geo. Dibrell, was the local agents of plaintiff in error; and it questioned the sufficiency of the original return on the citation to support a judgment by default. The return shows that "citation came to hand on the 29th day of June, 1912, at 10 o'clock a. m., and was executed on the 29th day of June, 1912, at 10:30 o'clock a. m., by delivering to L. M. Dumas, local agent for Delaware Insurance Company, in the Coleman National Bank in the town of Coleman, Coleman county, Tex., the within named defendant in person, a true copy of this writ." Before the motion to set aside the default judgment was passed upon by the court, defendant in error was permitted to amend said return on the citation, and the same was amended as follows, to wit: "Came to hand on the 29th of June, 1912, at 10 o'clock a. m., and executed on the 29th day of June, 1912, at 10:30 o'clock a. m. by summoning the Delaware Insurance Company, the within named defendant, by delivering to L. M. Dumas, its local agent in the town of Coleman, Coleman county, Tex., in person, a true copy of this writ," duly signed, etc. "Any mistake or informality in the return may be corrected by the officer at any time under direction of the court." R. S. 1911, art. 1879. We think the original return in this case was sufficient, but the amendment, which is permissible, cured the error, if any there was, in the original; for which reason this objection must be overruled.

[3, 4] With reference to the second question, it may be said that if it be admitted that plaintiff in error is shown to have had a meritorious defense to any portion of the cause of action asserted against it, then we think it appears that it was clearly guilty of negligence in not pleading it. The motion to set aside a judgment by default must not only show a meritorious defense, but a good excuse for failure to answer at the proper time. See Watson v. Newsham, 17 Tex. 438;

Foster v. Martin, 20 Tex. 122; Gillaspie v. City of Huntsville, 151 S. W. 1115. It is not asserted in this case that Dumas, who was served, was not the local agent of plaintiff in error; but it appears that neither he nor his firm had any right to employ counsel, but that the firm of Gross R. Scruggs & Co., who were general agents, were charged with this duty, and that they were not notified of the pendency of said suit, for which reason no answer was filed. It is alleged in said motion that it was Dumas' duty to forward such citation to said general agents; and, while it is alleged that he did this, yet such fact was not proven by his affidavit, nor was it shown when it was forwarded, although it appears that citation was served on Dumas on the 29th of June, and no judgment was taken until the 6th of November thereafter; and the affidavit does not exclude the idea that such citation may have been forwarded by him after judgment by default had been taken. The motion for new trial was not verified by Dumas or Gross R. Scruggs & Co., but by John M. Dawson, who is not shown to have had any connection with said transaction. We think this showing does not excuse plaintiff in error for failing to present its defense. We do not think there is any merit in plaintiff in error's contention that service of citation upon one member of a firm of local agents was not sufficient, under the law, to give the court jurisdiction to render judgment by default. In Continental Insurance Co. v. Millikean, 64 Tex. 47, it was held that service on one member of the firm of local agents was sufficient. We believe that such service was sufficient, because each member of said firm was in fact the agent of the company, and was so alleged in the pleadings.

[5] Nor is there anything in the contention that no proof was offered to the effect that Dumas was the agent of the company. Where the petition, as in the present case, gives the name of the agent, and the citation contains directions requiring service of citation on such designated agent, judgment by default may be taken without proof showing that the said person is the agent of the corporation. See H. & T. C. Ry. Co. v. Burke, 55 Tex. 329, 40 Am. Rep. 808; G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 568.

[6] Nor does it appear from the record that such proof was not in fact made; and, if it became necessary for such proof to be made, then, in the absence of said showing it will be presumed that it was. See S. A. & A. P. Ry. Co. v. Wells, 3 Tex. Civ. App. 307, 23 S. W. 31.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

[7, 8] It is asserted in the motion for rehearing that we erred in holding that the petition of defendant in error set forth the name of the local agent of plaintiff in error, and also in holding that the motion for new trial filed by plaintiff in error did not negative the fact that the party served was its agent, and that said motion likewise failed to assert that proof was made of such agency. While this may be true, yet we think the allegation in the petition was equivalent to the statement that Dumas was the local agent of plaintiff in error; and, where this is the case, it has been held sufficient. See H. & T. C. R. R. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808. In that case it was alleged "'that said company had an office for the transaction of its business as a common carrier in the city of Austin, Travis county, Tex., at which place the agent of said company is Robert S. Collins;'" the court remarking that it sufficiently appeared from the averments of the petition that Robert S. Collins was the local agent of the company in Travis county, although the petition does not follow the language of the statute. It will be observed in the instant case that the petition alleged that plaintiff in error was a private corporation, doing business in Coleman county, Tex. with Dumas, Zimmerman & Dibrell, a firm composed of L. M. Dumas, R. E. L. Zimmerman and Geo. Dibrell, who reside in said Coleman county, Tex., as its agents. This was equivalent, we think, to saying that said parties were its local agents in said county. The citation commanded service upon defendant by delivering a copy thereof to said local agent, and the return of the sheriff shows that the citation was duly served upon defendant, by delivering a copy thereof to L. M. Dumas, its local agent in said county. This being true, we think the service was sufficient; but, in addition to this, when the judgment was assailed on the ground of the insufficiency of the return of the sheriff, the court permitted the amendment of said return, in which judgment it is recited that it appeared to the court that Dumas was, at the time of the service of citation upon him, the local agent of the defendant company in Coleman county, Tex., and at the time of such service he resided in said county, and the service was made upon said company by delivering to him in person a true copy of the citation issued in said cause. It, therefore, appeared that the question of whether Dumas was the local agent of the company was in fact judicially determined by said court upon said hearing. See G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 568.

[9] The return of the officer, showing service upon the local agent, imported absolute verity, and was sufficient to authorize the rendition of judgment by default. See Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908; Randell v. Collins, 58 Tex. 231; Wood v. City of Galveston, 76 Tex. 126, 13 S. W. 227.

We believe there is no merit in plaintiff

in error's motion for rehearing, and the same will therefore be overruled.

Motion overruled.