### PONDER v. BURRIS. (No. 6797.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1922. Rehearing Denied Nov. 22, 1922.)

1. **Railroads ⬳482(2)—Evidence held to show locomotive started fire.**

Evidence *held* to show that a fire which spread over plaintiff's premises, was started by defendant's locomotive.

2. **Receivers ⬳180—Return showing service on defendant's agent held sufficient.**

Return showing service of citation on agent for receiver *held* to show sufficient service on the receiver.

Appeal from District Court, Atascosa County; J. F. Mullalley, Judge.

Suit by J. H. Burris against A. R. Ponder, receiver. Judgment for plaintiff, and defendant appeals. Affirmed.

Garnand & Hardy, of Jourdanton, and Mason Williams, of San Antonio, for appellant. R. R. Smith, of Jourdanton, for appellee.

FLY, C. J. Appellee instituted this suit against appellant as receiver of San Antonio, Uvalde & Gulf Railroad Company, to recover damages to a pasture caused by igniting and consuming by fire certain grass and wood on said land, which consisted of 800 acres, a part of what is generally known as the "Johnson ranch." It was alleged that 200 cords of wood and the grass on the land were destroyed. The cause was tried by the court, without a jury, and judgment was rendered in favor of appellee for $1,580.

[1] The facts were amply sufficient to show that the fire was started on the track of appellant by a locomotive, which passed over the track a short time before the fire was started. Wood and grass of the value of $1,580 were destroyed by the fire, which spread over a pasture on which appellee held a lease. Appellant was using an oil burner on the engine that it was found set fire to inflammable material on the track, and oil was used as the fuel therein. The evidence showed that, while sparks are not emitted from engines burning oil, the flames of the oil could set grass on fire on the track, and a witness for appellant testified:

"An oil burning locomotive can set fire to grass between the tracks, and there was enough grass on that track for it to have burned from the center out, both ways."

He was corroborated by other witnesses.

[2] A bill of exceptions shows that the citation in this cause was first served on "C. S. Slattern, agent for the S. A. U. G. Railroad Company," and not an agent of the receiver, but, under direction of the court, the return was amended so as to show that service was made on Slattern as agent for the receiver. It is admitted that Slattern was the agent of appellant, but the return was assailed because it did not state that it was served on Ponder, but on the agent of Ponder. The court overruled objections to the return, and, according to the bill of exceptions, appellant "was compelled to go to trial at that term of court."

The record fails to disclose any application for a continuance or postponement of the trial upon the part of appellant, but the judgment recites:

"Came the plaintiff in person and by his attorney, and the defendant by his attorneys, and announced ready for trial."

The only force used, it is clear, to compel appellant to try the cause was the action of the court in overruling the motion to quash the service. No showing is attempted to be made that appellant was prejudiced by going to trial at the time he did. The return, as amended, showed sufficient service, Railway v. Wells, 3 Tex. Civ. App. 307, 23 S. W. 31.

There is no merit in this appeal, and the judgment is affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes